Daniei, Judge.
 

 After stating the case, proceeded: The lessor of the plaintiff, being a brother of the half blood of
 
 Martin Ross
 
 junior, and uncle of the half blood of
 
 William,
 
 would bo entitled to a moiety of the land by virtue of the 4th rule in the act regulating descents, passed in the year 1808,
 
 (Rev. ch. 739,)provided, Martin Ross
 
 junr. took the aforementioned lands as a
 
 purchaser.
 
 But if
 
 Mary,
 
 the mother of
 
 Martin Ross
 
 was the first
 
 purchaser,
 
 and on her death the lands
 
 descended
 
 to her son, and from him, descended to
 
 his
 
 son
 
 William Ross;
 
 then, the lessor of the plaintiff, who has none
 
 of the
 
 blood
 
 of Many
 
 the purchaser, cannot be one of the heirs of
 
 William,
 
 so long as any relations of the blood of
 
 Mary
 
 can be found, (4
 
 and 5 rules in the act
 
 1808,) and therefore cannot recover. In case the lands
 
 descended
 
 from
 
 Mary
 
 to her son
 
 Marlin Ross,
 
 and from him to
 
 William,
 
 who died without issue; then the heir is to be found in the next blood relation of
 
 William,
 
 on the side of
 
 Mary
 
 his grandmother, who, it appears, is the present defendant, her sister.
 
 (Rule 4th, act. of
 
 1808.)
 

 Were it not for the words, “equally to be divided,” which are contained in this devise;
 
 this
 
 case would be implicitly within the rule in
 
 Shelly’s case,
 
 (1
 
 Co.
 
 89.)— The rule in this case, may be thus stated: “that where in any instrument an estate for life is given to the ancestor, and afterwards by the same instrument the inheritance
 
 *378
 
 is
 
 given,
 
 either mediately or immediately to his heirs, or heirs of his body, as a class to take in succession as heirs to him, the word “heirs” is a word of limitation and not of purchase; and the ancestor takes the whole estate.”
 
 (Perrin
 
 v
 
 Blake, 4 Barr. 2579. Jones
 
 v
 
 Morgan,
 
 1
 
 Bro. C. C.
 
 206.
 
 Doe
 
 v
 
 Burnsall,
 
 6
 
 T. Rep.
 
 31.
 
 Lindsey v Colyer,
 
 11
 
 East
 
 564.
 
 Roe
 
 v
 
 Bedford, 4. M. and S.
 
 362,
 
 note H. 5.
 
 to
 
 Shelly’s
 
 case, 1
 
 Co.
 
 262,
 
 Thomas & Fraser’s edition.)
 
 Do the words, “equally to be divided,” which are contained in the devise made by
 
 Joshua Skinner,
 
 restrain
 
 Mary’s
 
 interest to an estate for life, and enable her children to take in remainder as purchasers? The cases of
 
 Doe
 
 v
 
 Goff,
 
 (11
 
 East, 668.)
 
 and
 
 Gretton
 
 v
 
 Howard, (1 Eng.
 
 C.L.R. 320) are
 
 decisions,
 
 which if they had not been shaken and overruled in the House of Lords, in the case of
 
 Wright
 
 v
 
 Jesson,
 
 (2 Bligh. 2. 8.
 
 Petersdorff, Ab.
 
 181.) would have strongly supported such a position.
 

 In
 
 Doe
 
 v
 
 Goff,
 
 the testator devised one estate to his wife forlife, and after her decease, toll is daughter
 
 Mary
 
 and the heirs of her body begotten, or to be begotten, as
 
 tenants in common
 
 and not as joint tenants ; but if such issue should die before lie, she, or they attained twenty-one, then to his
 
 son Joseph
 
 in fee: and he devised another estate to his wife for life, remainder
 
 to
 
 his son
 
 Joseph
 
 and the heirs of his body begotten, or to be begotten; but if he died without issue, or such issue ail died before he or they attained twenty-one, then to his daughter
 
 Mary,
 
 and the heirs of her body begotten, or to be begotten, such issue if more than one, to take as
 
 tenants in common.
 
 The testator died, leaving his widow and his daughter
 
 Mary,
 
 him surviving. Both these parties in succession, entered and enjoyed the premises devised, and died;
 
 Mary
 
 leaving daughters (who were the plaintiffs in this action of ejectment,) and a son who was the defendant; and the question raised was, what esta
 
 te Mary
 
 took in the first devise. It was argued, for the defendant, that it was necessary
 
 Mary
 
 should take an estate tail, as well upon the legal effects of the subsequent limitations to the heirs of her body, as to effectuate what it was
 
 *379
 
 mentioned, was the general intent of the testator, that no part of the estate devised to
 
 Mary
 
 and the heirs of her body should go over to her brother, so long as any of her issue were in being, to which the particular intent that her children should take as tenants in common must give way.
 
 Sedper Cur.
 
 — '“Heirs of the body having to take as
 
 tenants in
 
 common, clearly demonstrate that children were meant, by that description, as heirs of the body would take by succession. This is rendered still more plain by the following words, “ that if such issue should depart this life before twenty-one.” Whom does the testator mean by such issue, but the persons to whom he had before referred, by the description of the heirs of the daughter’s body? and when he is contemplating the possibility that he, she, or they, may depart this life before twenty-one, to whom can he be referring, but the immediate children of bis daughter? The obvious intention, therefore, of this part of the will clearly is, to give
 
 Mary
 
 an estate for life, and her children a distinct and independent interest as tenants in common; and it is too plain to be defeated by a more conjecture, that the devisor might have a paramount intention inconsistent therewith.”— Judgment was given for the plaintiff.
 

 The case of
 
 Gretton
 
 v
 
 Howard,
 
 was this : A devised all his real and personal estate of what nature and kind soever to his wife; and after her decease, to the heirs of her body, share and share alike, if more than one; and in default of issue, to be lawfully begotten by him, to be at her disposal. A died, leaving six children. The case of
 
 Doe
 
 v
 
 Goff,
 
 (11
 
 East. 668,)
 
 was cited in argument, and the doctrine of that case, that the testator having given the estate to the heirs of the body, share and share alike, could not have intended an estate tail, under which the eldest son would take the whole, was much relied upon. The court certified that the wife took an estate for life only, and that each of the six children took a fee simple in remainder expectant on the determination of the mother’s life estate, in one sixth part, as tenants in common.
 

 The case of
 
 Wright
 
 v.
 
 Jesson,
 
 in the House of HqrdSj
 
 *380
 
 ovo ruling
 
 Doe
 
 v.
 
 Wright,
 
 in the King’s Bench, (5
 
 M.
 
 &
 
 S.
 
 95,) was as follows : A testator devised to
 
 W. W.
 
 certain premises for the term of his natural life, he keeping the buildings in tenable repair; and from and after Ins decease, he devised the same to the heirs of the body of the said
 
 W. W.
 
 lawfully issuing, in such shares and proportions as he, the said
 
 W. W.
 
 by deed or will should appoint; and for want of such appointment, then to the heirs of the body of the said
 
 W. W.
 
 lawfully issuing, share and share alike, as tenants in common ; and if but one child, the whole to such only child; and for want of such issue, then over. It was held by the court of King’s Bench that
 
 W. W. took
 
 an estate for life only, with remainder to his children for life, respectively, as tenants in common. Against this judgment, a writ of error was brought in the House of Lords. The principal error assigned was, that the court below had decided that
 
 W, fV.
 
 took only a life estate under the will, with remainder to his children for life ; and that a recovery suffered by him, his wife, and their son, was a forfeiture of their estate; whereas the plaintiffs in error contended, that the testator intended to embrace all the issue of
 
 W.W.
 
 which intention could only be effected by giving
 
 W. W.
 
 an estate tail. After a very long and able argument at the bar, the House of Lords reversed the decision of the court of Kings Bench. The case of
 
 Doe
 
 v.
 
 Goff,
 
 was expressly overruled ; the case of
 
 Gretton
 
 v.
 
 Howard,
 
 was not cited in the House of Lords.
 
 Mr. Fetersdorff
 
 says, it is probable that
 
 Gretton
 
 v.
 
 Howard,
 
 would not be, at the present, considered as subsisting authority; if it had been cited in the House of Lords, it is probable it would have shared the fate of
 
 Doe
 
 v.
 
 Goff.
 
 It is now, established law, that a devise of lands to
 
 J1
 
 for life, remainder to the heirs of the body of
 
 A,
 
 share and share alike, as tenants in common, and for want of such issue, then over; does not prevent
 
 A
 
 taking an estate tail. So, in the case before the court, a devise of lands to
 
 Mary Skinner
 
 for her natural life, and after her death, to be equally divided among tlje male or female heirs lawfully begotten of her
 
 *381
 
 foody, and for want of such heirs, then over, did not prevent
 
 Mary
 
 taking an estate tail.
 
 (Doe
 
 v
 
 Goldsmith,
 
 2
 
 Eng. C. L. R. 75. Doe
 
 v
 
 Featherstone,
 
 20
 
 Eng. C. R. 512.)
 
 Two intents are manifest in the will of
 
 Joshua Skinner;
 
 one, that his daughter
 
 Mary
 
 should have only an estate for life, the other, that the remainder over should not take effect, so long as any of her issue remained
 
 ;
 
 the latter must be presumed to be the main intent and paramount purpose of the testator ; his object was to provide for the family of
 
 Mary.
 
 This main intent, cannot be effected by giving
 
 Mary
 
 a life estate, and making her children take by purchase; because there being no words of inheritance added to the estate of the latter, they would take at that time, viz. 1777, only a life
 
 estate;
 
 and after the death of either, his or her share would go
 
 to John or Joshua Skinner.
 
 He intended, that on failure of the issue
 
 of Mary,
 
 and only on that event, his estate should go to
 
 John
 
 and
 
 Joshua Skinner
 
 in fee simple. In
 
 Doe
 
 v.
 
 Smith,
 
 (7
 
 Term
 
 527,) the court said, that when it appears in a will that the testator had a general intention and a sec-01K^aiT intention, and they clash, the latter must give way to the former. In
 
 Wright
 
 v
 
 Jesson,
 
 Lord
 
 Eldon,
 
 [n m0ving the judgment in the House of Lords, said, , ° , it is definitively settled as a rule
 
 ot law, that
 
 where there is a particular, and a general or paramount in-x 7 ° x tent, the latter shall prevail, and courts are bound to give effect to the paramount intent.
 

 When there is aiso^ general ^ ramountnintenta apparent in the same will, and they clash, the general intent must prevail.
 

 We are of opinion, that
 
 Mary
 
 took an estate tail, which was by the act of 1784, converted into a fee— that the lands in controversy descended from
 
 Mary
 
 tho purchaser, to her son,
 
 Martin lioss,
 
 and from him to
 
 his
 
 son
 
 William.
 
 The defendant, being of the blood of the first purchasers, is entitled to
 
 hold all
 
 the lands, as heir at law, to
 
 William Eoss;
 
 in preference to the lessor of the plaintiff, who is no ways related
 
 to Mary
 
 the first purchaser. The judgment of the Superior Court is affirmed.
 

 Per Curiam.' — Judgment aeeirmed.