## In Re Will of MRS. MONTIE McINTOSH SEYMOUR.

### (Filed 22 November, 1922.)

**1. Wills—Animo Testandi.**

A paper-writing to constitute a valid will must by the written terms show, among other things, the intent of the maker to dispose of his property to take effect after his death, and when such intent does not so appear, extraneous evidence is inadmissible for that purpose.

**2. Same—Disposition of Estate—Powers of Attorney—Principal and Agent.**

A paper-writing signed by the wife under seal stating that she was of "sound mind and body," and "investing" her husband "with full power of attorney over all moneys, real estate, liberty bonds, and all other property owned by me at this date, for the purpose of acting for me in all business matters," etc., designating the property specifically, is but the appointment of her husband as her agent or attorney in fact, without any disposition to him, and ineffectual as a will; and its interpretation otherwise cannot be upheld by the added words, "this also constitutes my last will," for this can only refer to the paper that is in itself ineffectual as a will.

Issue of *devisavit vel non,* heard before *Brock, J.,* and a jury, at February Term, 1922, of Moore.

The alleged testatrix was married to F. A. Hastings Seymour on 12 July, 1921, and died on 26 September, 1921. On 26 July she signed the following instrument:

This is to certify that I, Mrs. Frederick Augustus Hastings Seymour, née Montie Elizabeth McIntosh, being of sound mind and body, do this 26 July, 1921, invest my husband, Frederick Augustus Hastings Seymour, with full power of attorney over all moneys, real estate, Liberty Bonds, and all other property owned by me at this date for the purpose of acting for me in all business matters, etc. (A description of her real and personal property follows.)

This also constitutes my last will.

Given under my hand, this 26 July, 1921.

Montie E. McIntosh Seymour. [seal.]

Mrs. F. A. Hastings Seymour. [seal.]

Witnesses:

    Mrs. Ella J. Dunlap.

    William B. Dunlap.

Mrs. Seymour acknowledged the execution of this paper-writing on 3 August, and it was registered in the office of the register of deeds of Moore County on 5 August. On 4 November, 1921, F. A. Hastings

IN RE SEYMOUR.

Seymour, the surviving husband, presented it to the clerk of the Superior Court and had it probated in common form as the last will and testament of Mrs. Montie E. McIntosh Seymour, or Mrs. F. A. Hastings Seymour, and at the same time obtained letters of administration on the estate of the alleged testatrix. On 17 November, 1921, Mrs. Seymour's next of kin (her brothers and sisters) filed a *caveat* alleging, besides undue influence and the want of mental capacity, that the words "This also constitutes my last will" were inserted after her signature was affixed, and that the paper-writing upon its face does not constitute a last will and testament. At the close of the propounder's evidence his Honor held as a conclusion of law that the instrument in question is not the last will and testament of Mrs. Seymour, and instructed the jury to return a negative answer to the issue, "Is the paper-writing propounded for probate the last will and testament of Montie McIntosh Seymour?" Upon the return of the verdict, judgment was rendered for the caveators, and the propounder excepted and appealed.

*George L. Peschau, R. L. Burns, and Rountree & Carr for the propounder.*
*Robert Ruark, U. L. Spence, and H. F. Seawell for the caveators.*

ADAMS, J. The appeal presents the sole question whether the instrument which was probated in common form is sufficient in law to constitute the maker's will and testament, for the caveators concede that if his Honor's instruction was erroneous issues should have been submitted to the jury on the questions of undue influence and the want of mental capacity. It was shown on the trial that the entire paper-writing, excepting the signature of the two witnesses, is in the handwriting of the maker, and that the words "This also constitutes my last will" were inserted some time after the remainder of the instrument had been prepared, but before it was signed. The maker acknowledged the execution of the paper before a justice of the peace, and upon the clerk's certificate of probate it was recorded during her lifetime in the office of the register of deeds of Moore County as a power of attorney. After her death it was admitted to probate in common form as her last will and testament.

One of the essential elements of a will is a disposition of property to take effect after the testator's death. A testament has been variously defined to be the "declaration of a man as to the manner in which he would have his estate disposed of after his death"; "continuing title to the testator's property after his death in such persons as he shall name"; "a just sentence of our will, touching that we would have done, after our death"; "the expression of that which one may lawfully require to

be done after his death"; and "the legal declaration of a man's intention, which he wills to be performed after his death." 1 Jarman on Wills, 26; Schouler on Wills, 1; Gardner on Wills, 1; Redfield on Wills, 5; *Payne v. Sale,* 22 N. C., 458. It is true that no particular form of words is necessary to express an intention to dispose of a person's property after his death, and the use of inartificial language will not be permitted to defeat an apparent intention expressed in an instrument which complies with the formalities of law. *In re Edwards,* 172 N. C., 371. "The law has not made requisite to the validity of a will that it should assume any particular form, or be couched in language technically appropriate to its testamentary character." 1 Jarman, 21. Accordingly it has been held that a letter, or a deed, or a paper-writing in the form of a contract, or other writing, will be valid as a will if it complies with the requirements ordinarily necessary to the execution of such an instrument. *In re Bennett,* 180 N. C., 8; *In re Ledford,* 176 N. C., 610; *Richardson v. Hardee,* 15 L. R. A., 635; *Milam v. Stanley,* 17 L. R. A. (N. S.), 1127; *Ferris v. Neville,* 89 A. S. R., 486. So the question whether a written instrument constitutes a will must be determined by applying the tests that are generally recognized and approved by the courts. Aside from questions regarding execution, Gardner says the test to determine whether an instrument is a will is the presence of the testamentary intent—the *animus testandi.* This may be manifested by an intention to appoint an executor or a guardian for minor children, or by making some positive disposition of the testator's property—neither the appointment of the executor or guardian nor the disposition of the property to take effect in any way until the testator's death. It should be noted, however, that every expression of intent, even if such intent is not to operate until the death of the person entertaining it, is not the expression of a testamentary intent. Apart from the appointment referred to, a written instrument to be a will must make some positive disposition of the testator's property, and if it fails to do this, it is not a will and testament. Gardner, *supra,* 15, 16. And on p. 19 the same writer says: "To determine whether the document itself discloses a testamentary intent, two tests are commonly resorted to, viz., whether the instrument operates to create any interest prior to the death of the maker, and whether it is revocable during the life of the maker. If under the instrument any interest vests, or if such interest fails to vest merely because of lack of delivery of the instrument, then it is not a will. In other words, if any interest either vests or is capable of vesting prior to the death of the maker, the instrument is not a will."

We have no hesitation in saying that the instrument in question, when tested by these principles, falls short of a testamentary disposition

of property. The maker certified "that I . . . invest my husband with full power of attorney . . . for the purpose of acting for me in all business matters." The husband was "invested" with authority to manage the property in *praesenti;* but in no way does the paper-writing purport to dispose of such property either during the lifetime of the maker, in which case it would not be a will, or after her death. The clause "This also constitutes my last will" does not operate as a disposition of the maker's property to take effect after her death, because the word "this" refers to the instrument in controversy, which is merely a power of attorney relating to the management of the property in her lifetime. Probably Mrs. Seymour intended to make a will and thought she had accomplished her purpose; but a will cannot be established by merely showing an intent to make one. Nor can this conclusion in any wise be affected by evidence offered to show that the alleged testatrix said "she wanted Fred to have what she had," and treated the instrument as her will. It contains no latent ambiguity to be explained by parol evidence; what the maker intended to say is clearly stated. "While extrinsic evidence may be admitted to identify the devisee or legatee named, or the property described in a will, also to make clear the doubtful meaning of language used in a will, it is never admissible, however clearly it may indicate the testator's intention, for the purpose of showing an intention not expressed in the will itself, nor for the purpose of proving a devise or bequest not contained in the will. It is a 'settled principle that the construction of a will must be derived from the words of it, and not from extrinsic averment.' " *Bryan v. Bigelow,* 107 A. S. R., 67; *McIver v. McKinney, ante,* 393.

An examination of the record discloses

No error.