CURTIS RICHARDSON ET AL. v. FLORENCE CHEEK ET AL.

(Filed 24 November, 1937.)

1. **Wills § 31—Cardinal rule for construction of wills is to effectuate intent of testator as gathered from instrument as a whole.**

    To effectuate the intent of the testator as gathered from the four corners of the will, considering for this purpose the will and any codicil or codicils as but one instrument, is the cardinal rule for the interpretation of wills, to which all other rules must bend, unless contrary to some rule of law or public policy.

2. **Wills § 1—**

    A will is the duly expressed mind of a competent person as to what he would have done after his death with those matters and things over which he has the right of control and disposition.

3. **Wills § 31—**

    Since the intent and purpose of no two testators can be exactly alike, each will must be separately construed to effectuate the particular intent and purpose therein expressed.

4. **Wills § 38—Residuary clause held to leave money derived from payments by devisees to named beneficiaries and only personal chattels to residuary legatee of personalty.**

    The will in this case provided for the payment of funeral expenses and just debts out of the first moneys coming into the hands of the executors, then made several devises covering all the real estate and required the devisees to pay designated amounts to the estate, and from the sum thus accumulated, directed a number of legacies to be paid in cash, and then contained a residuary clause directing that the "remainders of my estate, if there be any, is to be equally divided between" named sons, and that "all of my personality is to go to" another son. *Held:* The "remainders of my estate" referred to the remainder of the sums paid to the estate by the devisees, and the legacy "of all my personality" referred only to personal chattels owned by the testator.

5. **Wills § 31—**

    Each clause of a will should be harmonized with other parts of the will and given effect unless the effect is inconsistent with the general intent and purpose of the testator, as gathered from the entire will.

APPEAL by plaintiffs from *Alley, J.,* at February Special Term, 1937, of RANDOLPH.

Civil action for construction of will.

The record discloses that John W. Richardson, late of Randolph County, died in August, 1933, seized in fee of several tracts of land situate in Randolph and Orange counties, and personal property consisting of approximately $400.00 in cash and certain farming tools, household and kitchen furniture.

By his will, provision is first made for the payment of funeral expenses and just debts "out of the first moneys" coming into the hands of his executors.

He then proceeds to divide his lands among his several children, requiring four of them "to pay to my estate" sums aggregating $2,601. The devise to his son Pearl is typical: "I give and devise to my son Pearl Richardson my home tract of land in Randolph County . . . but he is to pay to my estate the sum of $1,380."

To other children he gave "in cash" sums aggregating $1,020.

The clause which gives rise to the present controversy follows:

"The remainders of my estate, if there be any, is to be equally divided between my sons, Curtis, Clay, Bryan, and Jesse Richardson. All of my personal property is to go to my son Pearl Richardson."

The trial court being of opinion that the residuary clause contained "two apparently contradictory clauses" and that the "last one of said clauses governs," entered judgment awarding to Pearl Richardson all the residuary personal estate.

Plaintiffs appeal, assigning errors.

*J. V. Wilson and H. M. Robins for plaintiffs, appellants.*
*Moser & Miller for defendants, appellees.*

STACY, C. J. The guiding star in the interpretation of wills, to which all rules must bend unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will, considering for the purpose the will and any codicil or codicils as constituting but one instrument. *Ellington v. Trust Co.,* 196 N. C., 755, 147 S. E., 286; 28 R. C. L., 211 *et seq.*

Our first concern, then, is with the intention of the testator. What did he intend by his will? To find this is to solve the problem. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356.

A will is the duly expressed mind of a competent person as to what he would have done after his death with those matters and things over which he has the right of control and disposition. *Payne v. Sale,* 22 N. C., 455; *In re Edwards' Will,* 172 N. C., 369, 90 S. E., 418; *In re Deyton's Will,* 177 N. C., 494, 99 S. E., 424; *In re Seymour's Will,* 184 N. C., 418, 114 S. E., 626; 68 C. J., 410. As no two people are situated exactly alike, we would hardly expect to find identical wills or wills expressing the same intent and purpose. For this reason the aid to be derived from adjudicated cases is comparatively small in the administration of the law of wills. Every will, like every tub of Macklinian allusion, "must stand on its own bottom." (Charles Macklin, "The Man of the World," Act 1, Scene 2); *Patterson v. McCormick,* 181 N. C., 311, 107 S. E., 12.

In the instant case two questions arise out of the conflicting views of the parties:

1. Is the fund created by charges imposed against devisees, after the payment of testator's just debts, pecuniary legacies and costs of administration, to be equally divided among his sons, Curtis, Clay, Bryan, and Jesse Richardson, under the residuary bequest to them of "The remainders of my estate, if there be any," or does the residue of this fund go to Pearl Richardson under the gift to him of "All my personal property?"

2. Is the gift to Pearl Richardson of "All my personal property" limited to personal chattels, i.e., to the farming tools, household and kitchen furniture?

The testator begins his will by providing for the payment of funeral expenses and his just debts out of the first moneys coming into the hands of his executors. He then makes several devises requiring the devisees to pay to his estate certain designated amounts. From the sums thus accumulated he directed a number of legacies to be paid in cash, and "if there be any remainders of my estate," i.e., if there be any remainders of the sums paid into the estate by the devisees after the payment of debts, pecuniary legacies, and costs of administration, provision is made for the residue of these remainders to be equally divided among Curtis, Clay, Bryan and Jesse Richardson. If this be the true intent of the testator, and we think it is, then only the farming tools, household and kitchen furniture were intended to go to Pearl Richardson under the gift to him of "All my personal property." Such interpretation harmonizes the different clauses and gives effect to the whole will. *Pilley v. Sullivan,* 182 N. C., 493, 109 S. E., 359.

To hold that Pearl Richardson takes all of the residuary personal estate under the last clause would not only nullify the residuary division intended for his brothers, but also in effect remit part of the $1,380 charged against the devise to him of the home place. This would produce two clashes in the will, whereas the rule is to construe a will so as to give effect to every part and clause thereof, and to harmonize the several clauses, provided the effect is not inconsistent with the general intent and purpose of the testator, as gathered from the entire will. *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Herring v. Williams,* 153 N. C., 231, 69 S. E., 140.

"It is the approved position here and elsewhere, in the construction of wills, that unless in violation of law the intent of the testator, as expressed in the will, shall prevail, and in ascertaining this intent the entire will shall be considered, giving to each and every part significance and harmonizing apparent inconsistencies where this can be done by fair and reasonable interpretation, and that the language of the

instrument shall be given its natural and customary meaning unless it clearly appears that some other permissible meaning is intended." *Hoke, J.,* in *Goode v. Hearne,* 180 N. C., 475, 105 S. E., 5.

The conclusion we have reached gives effect to every part of the will, harmonizes the different clauses, and apparently makes the intent of the testator fair and reasonable. It eliminates any conflict and does away with the necessity of ruling out any part of the will as repugnant to any other part. "If possible apparent repugnancies must be reconciled for, as suggested in *Dalton v. Scales,* 37 N. C., 521, it is not to be admitted, unless the conclusion is irresistible, that the testator had two inconsistent intents." *Adams, J.,* in *Williams v. Best,* 195 N. C., 324, 142 S. E., 2.

The cause will be remanded for judgment in accordance with this opinion.

Error and remanded.