JAMES S. HOWELL, EXECUTOR OF THE ESTATE OF HARVEY McDARIS, DECEASED, AND HELEN McDARIS v. GERALD WARREN GENTRY

No. 7028SC169

(Filed 27 May 1970)

1. Wills § 73— action to construe will — intention that estate qualify for marital deduction — fee simple title in wife

Where it was apparent from the will in question that the testator intended that his estate would qualify for the tax advantage of the marital deduction, and where a construction of the will giving the wife merely a life interest in the estate would disqualify the estate for the marital de-

duction, the provisions of Article IX which devise and bequeath all of testator's property to his wife are properly construed so as to give the wife a fee simple title to the property; consequently, (1) additional language in Article IX providing that the wife shall not sell any assets of the estate without the written approval of her son is merely precatory, and (2) language in Article X attempting to give the son a remainder interest in the estate is repugnant to the fee and is void.

**2. Wills § 28— construction of will — intent of testator**

The ultimate consideration of a will must be founded on what the court believes the testator's intent to have been at the time the will was written.

**3. Wills § 28— construction of technical words**

In the absence of some expression to show the testator meant otherwise, technical words used in a will will be given their technical meaning.

**4. Wills § 28— consideration that attorney drafted will**

In the construction of a will, the fact that an attorney drafted the will may be considered.

**5. Wills § 28— intent as determined from entire will**

The testator's intent must be determined from the entire instrument so as to harmonize, if possible, provisions which might otherwise be inconsistent.

**6. Wills § 28— particular or general intent**

If there is a particular and a general or paramount intent apparent in the same will, the general intent must prevail.

APPEAL by defendant from *Martin (Harry C.), J.*, 21 August 1969 Session of BUNCOMBE County Superior Court.

This is an action for a declaratory judgment under G.S. 1-253, et seq., to construe the will of Harvey McDaris. The portions of the will, the interpretation of which is in dispute, are as follows:

## "ARTICLE VIII

It is my intention that the bequest to my wife, hereinafter set forth, shall qualify for the marital deduction. My Executor shall have no power or authority to exercise any discretionary power in any manner which would disqualify such bequest for the marital deduction; and, accordingly, all other provisions of this Will shall be subordinated to this requirement.

## ARTICLE IX

All the rest and remainder of my property, located in North Carolina, I will, devise and bequeath unto my wife, HELEN McDARIS, of whatever kind and description and wheresoever the same may be located, at the time of my death, including by

way of description but not of limitation, my home, located on White Pine Drive in the City of Asheville, North Carolina; eighteen (18) acres of land owned by me in Reems Creek Township; Buncombe County, North Carolina, which I purchased from the Mundy Heirs; Notes secured by Chattel Mortgages on Harley-Davidson motorcycles, which at this time exceed Thirty Thousand and no/100 ($30,000.00) Dollars; together with three (3) lots, located on the South side of but not adjoining the Harley-Davidson building, at a point where I have had and do have at this time a shed for the storing of motor vehicles. Said three (3) lots are located immediately North of some property owned by Mr. SAM YOUNG. Together with all real estate Notes of approximately Twenty Eight Thousand and no/100 ($28,000.00) Dollars, and all other real estate not herein devised, and two (2) Certificates of Deposit of Twenty Thousand and no/100 ($20,000.00) Dollars each, issued by the Wachovia Bank and Trust Company of Asheville, North Carolina, (which are in my lock box at the bank, and which shall remain in said lock box during the life of my wife, with the income to be paid to her until my Estate is settled, at which time GERALD WARREN Gentry, Harvey McDaris (The names Gentry Harvey McDaris are handwritten on the original will to complete the name of Gerald Warren Gentry. Harvey McDaris is the signature of the testator.) shall have the privilege of cashing said Certificates, after my Estate is finally settled, if my wife needs the same for her care and protection, all in the discretion of the said GERALD WARREN. It is my further will that GERALD WARREN Gentry, Harvey McDaris (see parenthetical explanation above) counsel with his mother as to the sale of my property, devised and bequeathed to her, as I have great confidence in his good judgment; and it is my will that she shall not sell any assets turned over to her by my Executor without the written approval of GERALD WARREN. The proceeds from the sale of any real or personal property, sold by his approval, shall be deposited in the Wachovia Bank and Trust Company of Asheville, North Carolina, in order to produce income from the interest thereon for the use and benefit of my wife.

## ARTICLE X

Upon the death of my wife, I will, devise and bequeath all of my Estate, of every nature and kind, to GERALD WARREN Gentry, Harvey McDaris (see parenthetical explanation above) if he survives me; otherwise, to his child or children surviving him, in equal shares."

"ARTICLE XII

The assets I have heretofore devised to my wife represent in excess of fifty (50) per cent (%) of my Estate; and, it is my intention that such bequest to her shall always qualify for the marital deduction."

After having heard plaintiff's and defendant's evidence and argument the court made the following findings of facts:

"6.   The will of January 10, 1968 disposed of all of Harvey McDaris' assets except a Five Thousand ($5,000.00) Dollar Life Insurance policy and a tract of land held by Harvey McDaris and Helen McDaris as tenants by the entirety worth Two Thousand ($2,000.00) Dollars. The assets of Harvey McDaris on January 10, 1968, and disposed of by his will of said date, had a fair market value of Two Hundred Thousand ($200,000.00) Dollars. The assets disposed of by the will of January 10, 1968 had a fair market value of One Hundred Ninety Thousand ($190,000.00) Dollars on the date of Harvey McDaris' death, May 5, 1968.

7.   Those items disposed of by Article IX of said will had a fair market value of One Hundred Thirty-Four Thousand ($134,-000.00) Dollars as of May 5, 1968.

8.   If those items disposed of by Article IX of said will were not devised to Helen McDaris in fee simple, they would not constitute fifty (50%) percent of Harvey McDaris' gross estate and the items devised under Article IX would not qualify for the marital deduction mentioned in Articles VIII and XII of said will and would result in an additional federal estate tax liability to said estate of Twenty-Three Thousand ($23,000.00) Dollars.

9.   That as to Articles VIII, IX and XII, the following questions have arisen: What interest did Helen McDaris and Gerald Warren Gentry take under Article IX of said will as to the following items:

(a)   Mr. McDaris' home located on White Pine Drive in the City of Asheville, North Carolina;

(b)   Eighteen (18) acres of land owned by Mr. McDaris in Reems Creek Township, North Carolina;

(c)   Those notes secured by chattel mortgages on Harley-Davidson motorcycles which exceeded Thirty Thousand ($30,-000.00) Dollars;

(d)   Three (3) lots located on the south side of, but not ad-
joining the Harley-Davidson building at a point where Mr.
McDaris had a shed for the storing of motor vehicles;

(e)   All real estate notes in the amount of approximately
Twenty Eight Thousand ($28,000.00) Dollars;

(f)   All other real estate not herein devised;

(g)   Two (2) certificates of deposit of Twenty Thousand
($20,000.00) Dollars each issued by Wachovia Bank and Trust
Company of Asheville, North Carolina which were in Harvey
McDaris' lock box at the bank;

(h)   All the rest and remainder of Mr. McDaris' property
located in North Carolina of whatever kind and description
and wheresoever the same may be located."

Upon these findings and questions the court concluded:

"1.   The language of Article IX of the Will of Harvey McDaris
following the specific devisees (sic) and bequests to Helen Mc-
Daris and reading as follows:

. . . 'and which shall remain in said lock box during the
life of my wife, with the income to be paid to her until my
Estate is settled, at which time GERALD WARREN GEN-
TRY shall have the privilege of cashing said Certificates, af-
ter my Estate is finally settled, if my wife needs the same
for her care and protection, all in the discretion of the said
GERALD WARREN. It is my further will that GERALD
WARREN GENTRY counsel with his mother as to the sale
of my property, devised and bequeathed to her, as I have
great confidence in his good judgment; and it is my will that
she shall not sell any assets turned over to her by my Execu-
tor without the written approval of GERALD WARREN.
The proceeds from the sale of any real or personal property,
sold by his approval, shall be deposited in the Wachovia Bank
and Trust Company of Asheville, North Carolina, in order
to produce income from the interest thereon for the use and
benefit of my wife.'

is precatory rather than imperative and constitutes an ineffective
attempt to limit fee simple devisees (sic) and bequests made to
Helen McDaris by the preceding provisions of Article IX of
said Will.

2.   The interest taken by Helen McDaris and Gerald Warren
Gentry of the items devised and bequeathed under Article IX
of said Will is as follows:

(a)    Mr. McDaris' home located on White Pine Drive in the City of Asheville, North Carolina; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(b)    Eighteen (18) acres of land owned by Mr. McDaris in Reems Creek Township, Buncombe County, North Carolina, Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(c)    Those notes secured by chattel mortgages on Harley-Davidson motorcycles which exceeded Thirty Thousand ($30,-000.00) Dollars; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(d)    Three (3) lots located on the south side of, but not adjoining the Harley-Davidson building at a point where Mr. McDaris had a shed for the storing of motor vehicles; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(e)    All real estate notes in the amount of approximately Twenty-Eight Thousand ($28,000.00) Dollars; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(f)    All other real estate not herein devised; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(g)    Two (2) certificates of deposit of Twenty Thousand ($20,-000.00) Dollars each issued by Wachovia Bank and Trust Company of Asheville, North Carolina which were in Harvey McDaris' lock box at the bank; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest;

(h)    All the rest and remainder of Mr. McDaris' property located in North Carolina of whatever kind and description and wheresoever the same may be located; Helen McDaris took fee simple interest; Gerald Warren Gentry took no interest.

Upon the foregoing Findings of Fact and Conclusions of Law, the Court ADJUDGES that:

1.    Helen McDaris by virtue of Article IX of the Will of Harvey McDaris is the fee simple owner of the following properties:

(a)    Mr. McDaris' home located on White Pine Drive in the City of Asheville, North Carolina;

(b)   Eighteen (18) acres of land owned by Mr. McDaris in Reems Creek Township, Buncombe County, North Carolina;

(c)   Those notes secured by chattel mortgages on Harley-Davidson motorcycles which exceeded Thirty Thousand ($30,000.00) Dollars;

(d)   Three (3) lots located on the south side of, but not adjoining the Harley-Davidson building at a point where Mr. McDaris had a shed for the storing of motor vehicles;

(e)   All real estate notes in the amount of approximately Twenty Eight Thousand ($28,000.00) Dollars;

(f)   All other real estate not herein devised;

(g)   Two (2) certificates of deposit of Twenty Thousand ($20,000.00) Dollars each issued by Wachovia Bank and Trust Company of Asheville, North Carolina which were in Harvey McDaris' lock box at the bank;

(h)   All the rest and remainder of Mr. McDaris' property located in North Carolina of whatever kind and description and wheresoever the same may be located.

2.   Gerald Warren Gentry by virtue of Article IX of said Will is not the owner of any of the properties devised and bequeathed under Article IX of said Will."

Defendant has appealed from the entry of the judgment of which the quoted findings and conclusions are a part.

*Bennett, Kelly and Long by E. Glenn Kelly for plaintiff appellees.*

*Peter L. Roda for defendant appellant.*

MORRIS, J.

**[1-6]**   The only question to be determined in this case is whether Helen McDaris takes a fee simple interest, excluding Gerald Warren Gentry, or merely a life estate in the property, passing under the terms of the will, with Gerald Warren Gentry taking a fee simple as remainderman. It is axiomatic that the ultimate construction of a will must be founded on what the court believes the testator's intent to have been at the time the will was written. There are, of course, many other elements to be considered when construing a will. In the absence of some expression to show the testator meant otherwise, technical words used in a will will be given their technical meaning. *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857 (1965).

The fact that an attorney drafted the will may be considered. *Clark v. Conner,* 253 N.C. 515, 117 S.E. 2d 465 (1960). The testator's intent must be determined from the entire instrument so as to harmonize, if possible, provisions which might otherwise be inconsistent. *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301 (1970). Each clause, phrase or word should be given a meaning in accord with the general purpose of the will. *Gatling v. Gatling,* 239 N.C. 215, 79 S.E. 2d 466 (1953). If there is a particular and a general or paramount intent apparent in the same will, the general intent must prevail. *Ross v. Toms,* 15 N.C. 376 (1833). A statement of Parker, J., (later C.J.), in *Gatling v. Gatling, supra,* seems particularly appropriate:

> "Every will is so much a thing of itself, and generally so unlike other wills, that it must be construed by itself as containing its own law, and upon considerations pertaining to its own peculiar terms. Probing the minds of persons long dead as to what they meant by words used when they walked this earth in the flesh is, at best, perilous labor."

Applying the well-known rules of construction to the will now before us, we are of the opinion that the construction placed upon the will by the trial court is correct.

**[1]** There can be no doubt the paramount intent of the testator was that his estate have the tax advantage of the marital deduction. This intent is unequivocally expressed in Article VIII when the testator says *"It is my intention that the bequest to my wife,* hereinafter set forth, *shall qualify for the marital deduction.* My Executor shall have no power or authority to exercise any discretionary power in any manner which would disqualify such bequest for the marital deduction; *and accordingly, all other provisions of this Will shall be subordinated to this requirement."* (Emphasis supplied.) This intent was reiterated in Article XII: "The assets I have heretofore devised to my wife represent in excess of fifty (50) per cent (%) of my Estate; and, *it is my intention that such bequest to her shall always qualify for the marital deduction."* (Emphasis supplied.)

The complaint filed in this action alleges, and the allegation is admitted by the answer, that the will was drafted by a licensed practicing attorney.

Technical words are presumed to have been used in a technical sense. *McCain v. Womble, supra.* The words "marital deduction" are technical words and have a recognized particular meaning. In these times of tax consciousness, it would almost defy credulity to say that the attorney and the testator were unaware of the requirements in devising property to qualify for the marital deduction. To

'qualify, property must be includable in the decedent's gross estate, must' be a deductible interest, must pass to the surviving spouse, 'and must not be disqualified as a nondeductible terminable interest, .Internal Revenue Code, 26 U.S.C.A. § 2056. A terminable interest is defined as an interest which will terminate or fail after a certain period of time, the happening of some contingency, or the failure of 'some event to occur. I.R.S., Reg. § 20.2056(b) — 1(b). Obviously a life estate would come within the terminable interest definition, and this is specifically stated in both the Code and the Regulations. Nor 'was any attempt made to bring the devise to the wife within any of the exceptions to the terminable interest rule. Bolstering the argument that the primary intent of the testator that the property given his wife should qualify for the marital deduction is his specific instruction that his executor shall have no power or authority to exercise any discretionary power in any manner which would disqualify the .bequest to his wife for the marital deduction. Although the will contained no pecuniary bequest to the wife which the executor could, in his discretion, satisfy by a distribution in kind at estate tax values, thus running the risk of losing the entire marital deduction, it appears that the testator was taking every precaution known to him to assure his estate of the advantage of the marital deduction.

Defendant argues that Article X of the will clearly expresses the intent of testator that defendant have a remainder interest in the property devised and bequeathed to testator's wife. As already expressed herein, it appears to us that the primary object of the testator, as expressed in the language of the will, was to give his wife a fee simple title to the property passing to her under the will in order to qualify it for the marital deduction. By Article IX he provides: "All the rest and residue of my property, located in North Carolina, I will, devise and bequeath unto my wife, HELEN McDARIS, of whatever kind and description and wheresoever the same may be located, at the time of my death, including by way of description but not of limitation . . ." "Having devised an estate in fee, it is said that there was no estate left in 'testator to 'dispose of." *Carroll v. Herring,* 180 N.C. 369, 370, 104 S.E. 892 (1920). The attempt to devise a remainder by Article X is void as repugnant to the fee given by Article IX and certainly, in view of the expressed intent of the testator, could have no effect.

Defendant suggests that if the express intent of the testator with respect to the marital deduction be given effect it should only be effective for property valued up to one-half the estate or, in the

alternative, give effect to the special treatment with respect to the two certificates of deposit listed in Article IX of the will by an interpretation which would result in the widow's taking a life estate in those with remainder to defendant. It is not within our province, however, to rewrite the will of the testator. Had the testator desired to use a formula bequest for the marital deduction with appropriate directions to the executor in order to insure the qualification for the marital deduction, we presume he would have done so. We agree with the interpretation of the trial court that the language of Article IX of the will following the specific devises and bequests to the wife are merely precatory. In our opinion they constitute merely expressions of the testator in the way of suggestions to his wife as a possible practical method of handling and conserving the property passing to her under the will after the administration of his estate has been completed.

For the reasons stated herein, the judgment of the trial court is Affirmed.

MALLARD, C.J., and VAUGHN, J., concur.