Johnson v. Johnson

———————

JOHNNIE LANCE JOHNSON, EDDIE RAY JOHNSON, AND EDSEL W. JOHNSON, INDIVIDUALLY, AND AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF ILA J. BAREFOOT, DECEASED v. JOE BEN JOHNSON

No. 7911SC732

(Filed 15 April 1980)

**Wills § 28.4— intent determined from will—nephew excluded from taking under will**

The trial court properly concluded that defendant received nothing under testatrix' will where the will provided that she left all her property "to — Edsel W. Johnson, Eddie Ray Johnson, Johnnie Lance Johnson and Joe Ben Johnson [defendant] is to receive," followed by a blank space with a question mark above it, since testatrix had devised all her property to the plaintiffs, three nephews, and had nothing left to give defendant, another nephew, and since the language of the will indicated testatrix' intention to sever defendant from the group named immediately before.

APPEAL by defendant from *Preston, Judge.* Judgment entered 24 April 1979 in Superior Court, JOHNSTON County. Heard in the Court of Appeals on 26 February 1980.

This is an action under the Declaratory Judgment Act. G.S. § 1-253 *et seq.*, to construe the will of Ila J. Barefoot. Plaintiffs, executors and beneficiaries under the will, seek to have a clause wherein defendant's name appears, declared ineffective and void. The holographic will, which has been duly admitted to probate, provides as follows:

Mrs. Ila J. Barefoot
  Fuquay-Varina, N. C.
    P. O. Box # 595

      Fuquay Varina
      North Carolina, Wake County

I, Ila J. Barefoot of the aforesaid county and State, being of sound mind, but considering the uncertainty of my earthly existence do make and declare this my last will and testament.

First: It is my will & desire that my body shall be given a decent burial. and my just debts be pd out of the first moneys which may come into the hands of my executors. Belonging to my estate.

Second: I hereby will & bequeath all property both real & personal, belonging to me at my death, to — Edsel W. Johnson, Eddie Ray Johnson, Johnnie Lance Johnson and <u>Joe Ben Johnson</u> is to receive   <u>?</u>   To be used by them as they may see fit.

Witness:

In testimony whereof I do hereby appoint my beloved nephews (3) <u>not Joe B</u> my only executors to execute this my last will & testament.

                         Signed __ Mrs. Ila J. Barefoot

April 5, 1967

Add to this—Put double stone to our graves (C B & mine) and keep our graves cleaned off.

4/5/67
Last will & testament
of Ila J. B.
Ila J. Barefoot

April 5, 1967

1967

The matter came before Judge Preston who, in construing the will, which was the only evidence offered, made the following pertinent findings of fact;

11. That in the Second Item, Testatrix expressly "willed and bequeathed all property both real and personal, belonging to me at my death."

12. That Testatrix severed Joe Ben Johnson from the other devisees by the singular language "and Joe Ben Johnson is to receive".

13. That Testatrix before describing what, if anything, Joe Ben Johnson was to receive drew a blank line and wrote something, marked it out and then placed in its place a question mark.

14. That Testatrix expressly excluded Joe Ben Johnson from the appointment as an executor. . . .

15. That Testatrix underlined Joe Ben Johnson's name each time it was used in the will.

16. That the last manifestation of intent by Testatrix applying to what Joe Ben Johnson would be devised was a question mark.

17. That by placing a period in the Second Item of the will as follows: "I hereby will and bequeath all property both real and personal belonging to me at my death to Edsel W. Johnson, Eddie Ray Johnson, and Johnnie Lance Johnson." the will is sufficient to devise all of said estate to the three named beneficiaries, and the severable clause "and Joe Ben

Johnson is to receive  § ?  " containing [sic] no dispositive words and fails to devise to him anything, and the said words are surplusage and indicate no completed dispositive intent.

Thereupon, Judge Preston concluded that Joe Ben Johnson "receives nothing" under the will. From a judgment declaring plaintiffs the sole beneficiaries of Mrs. Barefoot's estate, defendant appealed.

*L. Austin Stevens and Grady & Shaw, by Philip C. Shaw, for the plaintiff appellees.*

*Yeargan & Mitchiner, by Joseph H. Mitchiner, for the defendant appellant.*

ARNOLD, Judge.

The intention of the testator as gathered from the four corners of his will controls the interpretation and construction of the will by the court. This cardinal principle of law has guided our courts since it was laid down in *Blount v. Johnston*, 5 N.C. 36 (1804). As so aptly stated by Chief Justice Stacy in the leading case of *Richardson v. Cheek*, 212 N.C. 510, 511, 193 S.E. 705, 706 (1937):

> The guiding star in the interpretation of wills, to which all rules must bend unless contrary to some rule of law or public policy, is the intent of the testator, . . . To find this is to solve the problem.

Justice Stacy also recognized that adjudicated cases lend little aid to the interpretation of the will before the court since no two testators are exactly alike, nor can any two wills be expected to express identical intentions. For this reason, the Chief Justice observed that every will, " 'must stand on its own bottom.' " *Id.* [Citations omitted.] We agree with the rule of law therein enunciated, if not with the metaphor employed. Moreover, in construing the will, it must be remembered that "substance rather than form" dictates the divination of the testator's intent. 80 Am. Jur. 2d, *Wills* § 1127 at 237 (1975). To that end, and in order to clarify the content of the will, "the court will add, change, or disregard punctuation, phrases, and clauses." 1 N. Wiggins, *Wills and Administration of Estates in N. C.* § 133 at 415 (1964). While it is not

within our province to rewrite the will or to fill in blanks for the testator, *Howell v. Gentry,* 8 N.C. App. 145, 174 S.E. 2d 61 (1970), it is permissible "to transpose words, phrases, or clauses . . . [or to] disregard, or supply, punctuation. . . ." *Entwistle v. Covington,* 250 N.C. 315, 319, 108 S.E. 2d 603, 606 (1959).

We think that the will before us, standing on its own, plainly manifests this testatrix' intention regarding the disposition of her property. "The intention which controls is that which is manifest, expressly or impliedly, from the language of the will." *First Union National Bank v. Moss,* 32 N.C. App. 499, 503, 233 S.E. 2d 88, 91, *cert. denied,* 292 N.C. 728, 235 S.E. 2d 783 (1977). There can be no doubt that she willed and bequeathed "all property both real & personal, belonging to me at my death, to — Edsel W. Johnson, Eddie Ray Johnson, Johnnie Lance Johnson," and we agree with Judge Preston that, by placing a period at the end of that sentence, the intention of the testatrix as well as the whole substance of her disposition is made precise. Having devised all her property to these three nephews, she had nothing left to give to the defendant, whom Judge Preston correctly concluded "received nothing" under her will.

This construction of the will is bolstered by the wording of the clause wherein the defendant's name is written. As Judge Preston found, the use of the singular language, "and *Joe Ben Johnson* is to receive," clearly demonstrates testatrix' intention to "sever" this individual from the group named in the completed sentence immediately preceding this incomplete clause. The inescapable impact of the separated clauses is this: Testatrix did not intend for Joe Ben Johnson to share equally in her estate with Edsel, Eddie Ray and Johnnie Lance Johnson. If she ever intended that he receive any part of her property, she never expressed that intent within the four corners of her will. In our opinion, a blank space with a question mark pencilled in above it indicates a contrary intention, *i.e.,* Joe Ben Johnson "receives nothing."

We hold that the trial judge properly construed the will of Ila J. Barefoot. His judgment dated 30 April 1979 is affirmed.

Affirmed.

Judges WEBB and WELLS concur.