## Silas Ireland, adm'r v. Sarah Parmenter.

*Construction of wills—Residuary devise.*

A man devised certain lands to his wife and in a further provision of his will devised the same lands to his children after the decease of his wife. Another clause devised them to his wife "during her natural life." He then disposed of "all the residue of [his] estate, real, personal and mixed, * * * to have and to hold the same to her use and benefit, during her natural life, and then to be divided equally between [his children] or their heirs." *Held* that after the wife's death whatever remained passed immediately to the children and not to the wife's administrator.

Where a will disposes of real and personal property in the same terms the testator's language cannot receive one construction for one class of property and another for the other unless the context requires it to be differently construed.

A will must be construed as a whole and its provisions harmonized to give effect to the testator's evident intent.

Error to Berrien.   Submitted June 15.   Decided June 21.

Trover.   Defendant brings error.   Reversed.

*Clapp & Fyfe* for appellant.   Provisions in a will disposing of a mixed fund of realty and personalty should be construed alike:   *Toms v. Williams* 41 Mich. 566 ; this will transferred the property to the children subject to the wife's use while she lived :   *Stevens v. Winship* 1 Pick. 318 ;   *Dole v. Johnson* 3 Allen 368 ;   *Brant v. Virginia Coal & Iron Co.* 93 U. S. 326.

*H. H. Coolidge* and *O. W. Coolidge* for appellee. The
will conveyed to the wife absolutely, whatever personal prop-
erty remained at the time of testator's death : *Jones v.
Jones* 25 Mich. 401 ; *Harris v. Knapp* 21 Pick. 412 ; *Jackson
v. Robins* 16 Johns. 537 ; and the personalty itself and not
merely its income having been given in specie for the wife's
use and benefit, a limitation over was void : *Hale v. Marsh*
100 Mass. 468 ; *Jackson v. Bull* 10 Johns. 148 ; *Ide v. Ide*
5 Mass. 500 ; *McLean v. MacDonald* 2 Barb. 534.

MARSTON, J. The plaintiff as administrator of the estate
of Betsey Schmeele deceased brought an action of trover to
recover the value of certain personal property, a part of
which plaintiff claimed under the will of her husband, and
all of which, it was alleged in the declaration, the defendant
converted during the life-time of the deceased.

The defendant was one of the heirs at law of Samuel
Schmeele, and claimed title to this property as such and also
by gift.

An important question in this case arises as to what interest
Betsey Schmeele acquired in and to the personal property
under the will of her husband.

The will attempts to dispose of both real and personal
property, and the language of the testator cannot receive
one construction as applied to the real estate, and another
and different one as to the personalty, unless there is some-
thing in the context clearly calling for a different rule.

The will evidently was drafted by some person not familiar
with such business, and some of the provisions relating to
the real estate, if standing alone, would lead to a different con-
clusion than would others. We are however to take the
entire instrument and harmonize it and give effect to the
evident intent of the testator.

He first gives, devises and bequeaths to his wife Betsey
two certain descriptions of land with all the appurtenances
and fixtures belonging thereto. Next follow provisions
devising and bequeathing the same lands to his son Lewis and
daughter Sarah, " from and after the decease of my wife Bet-

sey." Then follows another clause, giving, devising and bequeathing to his wife Betsey, the same lands, " during her natural life." The will then proceeds as follows : " I give and bequeath to my wife Betsey all the residue of my estate, real, personal and mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same to her own use and benefit, during her natural life, and then to be divided equally between my son and daughter Lewis and Sarah or their heirs."

Now whatever right this may have given to Betsey Schmeele to dispose of the personal property during her life-time, and which we need not at present determine, it is very clear, that whatever remained at her death, did not pass to her administrator, but under this will at once passed to the testator's son and daughter, and for all such property in their possession, Betsey Schmeele's administrator could not maintain this action.

The provisions in this will are very different from those in either of the cases referred to by counsel, and the question here raised comes up in a very different manner. See *Jones v. Jones* 25 Mich. 401, and *Proctor v. Robinson* 35 Mich. 288. In each of these cases the language of the will left no doubt as to the title which the testator intended to give to his wife with the full and absolute power of disposition ; besides, the question arose during the life-time of the wife, and the important point related to the right and power of the wife over the property devised during her life-time.

In this case the real estate is given during the term of her natural life, and then it is to be equally divided, and the same disposition is made of the personalty. It cannot be successfully contended that an absolute title to the real estate was devised or intended to be, but that, in accordance with other provisions, at her death it was to go to the testator's children, and the same language, when applied in the same interest to the personalty, cannot be held to give the present administrator any right to maintain this action, whatever

Betsey Schmeele's rights thereto may have been during her life-time.

The judgment must be reversed with costs and a new trial ordered.

·The other Justices concurred.