SADIE K. DUNSHEE, Appellee, vs. CHARLES DUNSHEE et al.—(MARY DUNSHEE, Appellant.)

*Opinion filed October 25, 1911.*

1. WILLS—*renunciation by widow does not render any part of the estate intestate property.* Renunciation by the widow of the provision made for her in her deceased husband's will does not render any part of the estate intestate property even though the provision made for her was a devise in fee, and in such case the land so devised will pass as residuary estate under a clause devising all the rest and residue of the estate to other persons.

2. SAME—*devise to widow does not become a lapsed devise upon renunciation.* A testamentary provision in favor of the widow is in legal effect no more than an offer on the part of the testator to purchase her statutory interest in the estate for the benefit of the estate, and the fact that the widow renounces the will and elects to take under the statute does not render the devise to her a lapsed devise, and if there is a residuary clause covering real estate the subject of the devise will pass thereunder.

3. SAME—*entire will must be considered in determining meaning of particular part.* In determining the meaning of a particular part of a will the entire will must be considered, and if words in one part of the will have been given a definite and fixed meaning by the testator the same meaning will be given to such words when used later in the will, unless a contrary intention is expressed.

4. SAME—*when "surviving heirs" will be held to mean "surviving children."* If the testator, in making a specific devise to the surviving heirs of his brother, names the three surviving children of the brother as such heirs, it will be held that a subsequent residuary devise to the "surviving heirs" of the same brother was intended to mean his "surviving children," even though they are not designated by name.

APPEAL from the Circuit Court of Carroll county; the Hon. R. S. FARRAND, Judge, presiding.

JOHN L. BREARTON, for appellant:

At common law the rule is that a lapsed or void devise will go to the heirs-at-law of the testator notwithstanding the fact that the will contains a residuary clause, because a devise to a particular person or for a specified purpose is

regarded as intended to be an exception from the gift to the residuary devisee. 18 Am. & Eng. Ency. of Law, (2d ed.) 763; 1 Lewin on Trusts, 158, 159; 4 Kent's Com. 665-667, and notes; *VanKleeck* v. *Church,* 6 Paige, 600; 3 Pomeroy's Eq. 1144, 1145, and notes; Page on Wills, sec. 744.

When Robert Dunshee gave the real estate involved in this cause to Sadie K. Dunshee in fee simple, he absolutely evidenced his intention to give this land to her and to no one else, and on no theory can it be said that he intended to include it in the expression, "all the rest and residue of my estate, of every kind, nature and description and wherever situated," as used in the residuary clause of his will. His will makes no provision by which this land can be said to have been given to anyone else. *VanKleeck* v. *Church,* 6 Paige, 600; *Magnuson* v. *Magnuson,* 197 Ill. 497; *Crawford* v. *Cemetery Ass'n,* 218 id. 399.

At common law a lapsed or void legacy went into the residuum, but a lapsed or void devise of real estate went to the heir-at-law. This rule has not been changed by any statute or decision of any court in this State. 4 Kent's Com. (5th ed.) 541, 542; *Cambridge* v. *Rous,* 8 Ves. Jr. 12; *Crerar* v. *Williams,* 145 Ill. 641; *English* v. *Cooper,* 183 id. 203; Hurd's Stat. 1909, chap. 39, secs. 1, 11, 12.

However reluctant the courts may be to hold that a portion of the property of a testator shall be regarded as intestate, they cannot do otherwise where there is nothing to show an intent on the part of the testator to dispose of the property to someone else. *Minkler* v. *Simons,* 172 Ill. 323; *Magnuson* v. *Magnuson,* 197 id. 497.

The court will not presume a will for a testator on mere speculation as to what might have been his intention. *Bond* v. *Moore,* 236 Ill. 598; *Thomas* v. *Thomas,* 229 id. 277; *Wixon* v. *Watson,* 214 id. 158.

A general residuary clause will be generally construed as intended for nothing more than a disposition of those

portions of the estate not previously disposed of by will. *Dickison* v. *Dickison,* 138 Ill. 541; *Dodson* v. *Dorsey,* 203 id. 32.

No one can make another the owner of an estate against his consent by devising it to him, so that if the devisee disclaims the devise it becomes inoperative and goes to the heir.   3 Washburn on Real Prop. 460.

The courts have held that the renunciation of a will by a widow does not make the balance of the estate intestate, but in each of such cases where it is so held either the only property involved was personal estate, or there was an estate in lands less than a fee simple given by the will to the widow.   In no one of the cases considered are the facts similar to the facts in the case now before this court.   *Mc-Murphy* v. *Boyles,* 49 Ill. 110; *Marvin* v. *Ledwith,* 111 id. 144; *Laurence* v. *Balch,* 195 id. 626; *Lewis* v. *Sedgwick,* 223 id. 213.

F. J. STRANSKY, for appellee:

A provision in the will in favor of the widow is, in effect, an offer by the testator to purchase her statutory interest for the benefit of his estate.   If she refuses to accept the offer in the will she acquires her interest under the statute, the same as if there was no will, but her renunciation does not make any of the estate outside of her interest intestate.   *Lewis* v. *Sedgwick,* 223 Ill. 219.

A renunciation by the testator's widow of the provisions of the will in her behalf does not destroy the effect of the will, except so far as the widow's rights are affected.   The remainder, outside of her interest, passes under the will.   *Marvin* v. *Ledwith,* 111 Ill. 144; *McMurphy* v. *Boyles,* 49 id. 110; *ReQua* v. *Graham,* 187 id. 67; *Laurence* v. *Balch,* 195 id. 626.

Property left without specific disposition because of the renunciation of the widow does not fall within the gen-

eral rule as to lapsed devises.    18 Am. & Eng. Ency. of Law, 764.

A provision in a will in favor of a widow is, in fact and legal effect, a mere offer by the testator to purchase out the dower interest for the benefit of his estate. *Carper* v. *Crowl,* 149 Ill. 465; *Blatchford* v. *Newberry,* 99 id. 11.

Where the widow renounces the property given to her by the will and elects to take under the law, the property so renounced by her does not become intestate property, but becomes a part of the residue of the estate and passes under a residuary clause. *Brandenburg* v. *Thorndike,* 28 N. E. Rep. 575.

The devise rejected by the widow on her renunciation does not become intestate property. *Fox* v. *Rumery,* 68 Me. 121.

Courts will adopt any reasonable construction of the will consistent with its terms so as to give it the effect of disposing of the testator's entire property, rather than to hold it was his intention to die intestate as to any part thereof. *Minkler* v. *Simons,* 172 Ill. 323.

Since the residuary clause disposed of all the estate of the testator not previously disposed of, there was and is no intestate property. The residuary clause is sufficient to carry the devise rejected by the widow. *Lewis* v. *Sedgwick,* 223 Ill. 213; *Dickison* v. *Dickison,* 138 id. 541; *Hale* v. *Hale,* 125 id. 399; *Richards* v. *Miller,* 62 id. 417; *Worrell* v. *Patten,* 69 id. 254.

If it is apparent from the reading of a will that the testator used the words "heirs," "issue" and "children" indiscriminately, giving them their common meaning, the court should read them interchangeably, so as to carry out the testator's intention as disclosed by the entire instrument. *Gannon* v. *Peterson,* 193 Ill. 372; *Strawbridge* v. *Strawbridge,* 220 id. 61; *Leiter* v. *Sheppard,* 85 id. 242.

The term "homestead" means the dwelling house in which the family resides, with the usual and customary ap-

purtenances, including outbuildings of every kind necessary and convenient for the family use. *Smith* v. *Dennis,* 163 Ill. 635; Anderson's Law Dict. 512.

It is competent to show that a residence covers more than one legal subdivision, and that two or more lots, or a town lot and a tract of farm land adjoining and in the same inclosure, although constituting separate legal tracts or lots, are occupied as one lot of land, constituting a single residence within the meaning of the statute. *Sever* v. *Lyons,* 170 Ill. 395.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Carroll county by Sadie K. Dunshee against Charles Dunshee, John Dunshee, Hudson Dunshee, Frank S. Dunshee, George W. Dunshee, Edna Dunshee Mann, Mary Dunshee and Seib Dykstra, for the partition of a farm containing 307 acres, situated in Carroll county. The bill alleged that the complainant, Sadie K. Dunshee, was the owner in fee of the undivided one-half of said premises, subject to her homestead rights in said premises as widow of Robert Dunshee, who departed this life, testate, on March 2, 1910, and subject to the rights of Seib Dykstra in said premises as lessee; that Charles Dunshee was the owner in fee of the undivided one-sixth part of said premises; that John and Hudson Dunshee were each the owner in fee of the undivided one-twelfth part of said premises; that Frank S. Dunshee, George W. Dunshee and Edna Dunshee Mann were each the owner in fee of the undivided one-eighteenth part of said premises, subject to the homestead rights of complainant and the rights of Seib Dykstra as lessee, and that Mary Dunshee had no rights in said premises although she claimed to be the owner in fee of a part thereof. An answer was filed by the adult defendants, and a guardian *ad litem* was appointed for Mary Dunshee, who was a

minor, and who filed an answer to the bill by her guardian *ad litem.* Replications were filed and the case was tried without a reference, and a decree was entered in accordance with the prayer of the bill. Mary Dunshee, alone, by her guardian *ad litem,* prosecuted an appeal to this court.

It appears from the record that Robert Dunshee died seized in fee of said premises and other real estate, and was also possessed of a large amount of personal property, which was all disposed of by his will, the premises in question being devised to the complainant; that the complainant, Sadie K. Dunshee, is the widow of said Robert Dunshee; that he left him surviving no child or children, descendant or descendants of a child or children, or parent or parents; that Charles Dunshee is his brother, and John, Hudson, Frank S., George W. and Edna Dunshee Mann are his nephews and niece, and that Mary Dunshee is a grand-niece; that subsequent to the probate of the will of Robert Dunshee, and on the 8th day of August, 1910, the complainant, as widow, declined, in writing, in due form of law, to take under the will of Robert Dunshee and elected to take under the law.

The questions arising upon this record involve the consideration of the eleventh and thirteenth paragraphs of the will of Robert Dunshee, which read as follows:

"*Eleventh*—I give, devise and bequeath the following described lands [other lands, describing them,] to the heirs of my brother Amasa, as follows, to-wit: To Frank S. Dunshee and his heirs an undivided one-third; to George W. Dunshee and his heirs an undivided one-third; to Edna Dunshee Mann and her heirs an undivided one-third. I also devise and bequeath to the surviving heirs of my said brother Amasa Dunshee an undivided one-half interest in the cattle and hogs on said lands; provided that if either of the above named children should die without issue before my death the entire share of such child to go to the survivors, and if any should die childless such share to re-

vert to the survivors, it being my intention that my entire estate shall descend to my own kin and no part thereof to go to the husbands or wives of my kin but all descend to heirs of my blood, except the property herein devised to my wife.

"*Thirteenth*—All the rest and residue of my estate, of every kind, nature and description and wherever situated, I give, devise and bequeath as follows: One-third to Charles Dunshee and his heirs; one-third, share and share alike, to the surviving heirs of Amasa T. Dunshee; one-third, share and share alike, to the surviving heirs of my brother Garrison Dunshee, to-wit, John and Hudson; meaning and intending that in no event shall the wives of either of my brothers inherit or become beneficiaries of any part of my estate. Should it become necessary, the testator authorizes his executor to make deeds, collect rents, and to manage my estate not herein specifically devised, and account to the county court."

It is first contended by the appellant that upon the complainant, as widow, declining to take under the will and electing to take under the law, the farm in question, which had been specifically devised to her, became intestate property, and that the appellant inherited her proportionate share thereof as one of the heirs-at-law of Robert Dunshee. On the contrary, (and the trial court so held,) the complainant contends that said premises passed to Charles, John, Hudson, Frank S., George W. Dunshee and Edna Dunshee Mann under the thirteenth paragraph of the will of Robert Dunshee. This court has held in a long line of cases that where the widow renounces the provision made for her by the will of her deceased husband and elects to take under the law, such renunciation does not have the effect to render any part of the estate of the deceased husband intestate estate. (*McMurphy* v. *Boyles,* 49 Ill. 110; *Marvin* v. *Ledwith,* 111 id. 144; *ReQua* v. *Graham,* 187 id. 67; *Laurence* v. *Balch,* 195 id. 626; *Lewis* v. *Sedgwick,*

223 id. 213.) In the *Lewis case,* on page 220, it was said: "This court has more than once decided that the renunciation of a will by a widow does not make the remaining property left by the testator an intestate estate,—it is still testate property. It would lessen the quantity of the balance of the estate to the extent of the estate which the law gives the widow, but otherwise the property will pass by will."

It is said, however, that all the cases on the subject decided by this court are cases in which the property relinquished by the widow was personal property or an interest in real estate less than a fee, and it is urged that where the property relinquished is, as here, a fee in real estate, the doctrine of the cases heretofore decided by this court upon the subject ought not to apply, as, it is said, at the common law, which is in force in this State, a lapsed or void devise of real estate will go to the heir-at-law of the testator, notwithstanding the fact that the will contains a residuary clause, because a devise to a particular person or for a specific purpose is recognized as intended to be an exception from the gift to the residuary devisee. (*English* v. *Cooper,* 183 Ill. 203; *Crerar* v. *Williams,* 145 id. 625.) Without deciding whether the rule contended for by appellant would apply to a lapsed or void legacy under a residuary clause like the one in the will of Robert Dunshee, we think the rule contended for can have no application to the renunciation by a widow of a provision made for her in the will of her deceased husband, as a devise to a widow is not a lapsed or void legacy after she has relinquished under the will and elected to take under the law. The provision in the will in favor of Sadie K. Dunshee, the widow, in legal effect was no more than an offer on the part of the testator to purchase her statutory interest in his estate for the benefit of his estate, (*Blatchford* v. *Newberry,* 99 Ill. 11; *Carper* v. *Crowl,* 149 id. 465; *ReQua* v. *Graham, supra;*) and if she refused to accept the offer made her in the will

and elected to take under the statute, she had her interest in his estate, under the statute, the same as if there were no will. And in this case, if the testator had not made the offer of purchase to his widow but had left her to her statutory rights and failed by the will to specifically dispose of the farm in question, clearly the farm would have passed to the devisees named in clause 13 of his will. We are unable to see any difference, in principle, in this case from the cases heretofore decided by this court upon this question, and are of the opinion that the renunciation of the widow did not have the effect to make the premises in question intestate property, but think it clear said premises passed as testate property, under the thirteenth paragraph of the will, to the devisees named in that paragraph.

It is next contended, if it be held that the premises in question passed as testate property under the thirteenth paragraph of the will, that then and in such case the appellant took an undivided one-twenty-fourth part of said premises as one of "the surviving heirs of Amasa T. Dunshee." Amasa T. Dunshee was a brother of the deceased, who died September 4, 1904, and left him surviving four children, viz., Frank S., George W., Edna and Vernon Dunshee. All of said children survived the testator with the exception of Vernon Dunshee, who died in the month of November, 1908, leaving him surviving as his sole heir-at-law the appellant, Mary Dunshee, who is now four years of age. By the thirteenth paragraph of the will one-third of the residuary estate is given "to the surviving heirs of Amasa T. Dunshee." It is a well known rule of construction as applied to wills, that the entire will must be considered in determining the meaning of any particular part thereof, as one. provision of a will, when considered alone, might bear one construction, while if that provision were considered in connection with other provisions of the will it would bear an entirely different construction. In the eleventh paragraph of the will real estate other than that

covered by the thirteenth paragraph was devised to the heirs of Amasa T. Dunshee, and the testator there named the heirs as Frank S., George W. and Edna Dunshee Mann, showing clearly that it was the living children of Amasa T. Dunshee that the testator had in his mind when dispensing his bounty; and again in that paragraph, when the testator came to dispose of the personal property which was kept upon the farm, which he had specifically devised to Frank S., George W. and Edna Dunshee Mann, he characterized the three children as "the surviving heirs of my brother Amasa T. Dunshee." We think, when the two provisions of the will,—that is, paragraphs 11 and 13,—are read together, that the words used in the thirteenth paragraph, the "surviving heirs of Amasa T. Dunshee," did not include, and were not intended by the testator to include, the grand-daughter of his brother Amasa T. Dunshee, as it is a rule of construction that where words are used in one place in a will and the testator has clearly defined the sense in which he has used these words, if the same words are used again in the will the presumption is that the testator intended to use them, in each instance, in the same sense. The testator used the words "surviving heirs" synonymously with the words "surviving children," and there were only three surviving children of Amasa T. Dunshee at the date of the will and the date of the death of the testator. In *Summers* v. *Smith,* 127 Ill. 645, *Griswold* v. *Hicks,* 132 id. 494, *Smith* v. *Kimbell,* 153 id. 368, *Fishback* v. *Joesting,* 183 id. 463, and *Gannon* v. *Peterson,* 193 id. 372, it is held the word "heirs," as used in a will, will be construed to mean "children" when that is the evident intention of the testator; and again, in *Kalies* v. *Ewert,* 248 Ill. 612, that the word "heirs" is not always given a strict legal significance in the construction of wills, and if the word is used in such a way by a testator as clearly to indicate that it is intended to mean "children," it will be given such meaning. It is also held where words

in one part of a will have been given a definite and fixed meaning by the testator, the same meaning will be given to the same words used in a later clause of the will, unless a contrary intention is expressed. (*Lockhart* v. *Lockhart,* 56 N. C. 205; *Tomlinson* v. *Nickell,* 24 W. Va. 148; *Ireland* v. *Parmenter,* 48 Mich. 631; *State* v. *Ewing,* 17 Ind. 68.) We think, therefore, the chancellor correctly ruled that the appellant, Mary Dunshee, took no interest in the premises sought to be partitioned.

Finding no reversible error in this record the decree of the circuit court will be affirmed.    *Decree affirmed.*