STATE OF NORTH CAROLINA, Ex Rel. R. B. JONES, ADMINISTRATOR, CUM TESTAMENTO ANNEXO, DE BONIS NON, OF HENRY HAYNIE, DECEASED, v. E. C. GRIGGS, PRINCIPAL; AND K. W. ASHCRAFT, THE BANK OF WADESBORO, EXECUTOR OF L. D. ROBINSON, DECEASED; W. HENRY LILES, L. J. HUNTLEY, AND F. M. HIGHTOWER, EXECUTORS OF F. M. HIGHTOWER, DECEASED, AND EFFIE A. LITTLE AND H. W. LITTLE, JR., EXECUTORS OF H. W. LITTLE, DECEASED; AND THE FIRST NATIONAL BANK OF WADESBORO, N. C., ADMINISTRATOR OF C. M. BURNS, DECEASED, SURETIES; AND E. C. GRIGGS, INDIVIDUALLY, H. BATTLE GRIGGS, HERBERT C. GRIGGS AND MRS. DAVID G. BALLINGER.

(Filed 2 June, 1943.)

**1. Trial § 54—**

Where the court below in denying a motion made no findings of fact on the point involved, but there was evidence to support the ruling and no request was made that the facts be found, it will be presumed on appeal that the court found sufficient facts to support its conclusions.

**2. Courts § 1b: Executors and Administrators § 27—**

While the clerk of the Superior Court has exclusive original jurisdiction as to matters of probate and the judge has no power therein unless the matter is brought before him by appeal, the Superior Court in term is by statute constituted a forum for the settlement of controversies over estates. C. S., 135.

**3. Executors and Administrators § 26—**

While the clerk of the Superior Court is not necessarily bound by an agreement of the parties to approve an account and is free to exercise his own judgment on matters of probate as long as they are before him, the agreement does bind the parties who signed it, in the absence of mistake or fraud or other inequitable conduct.

**4. Contracts § 7c—**

An agreement not to sue, or to withdraw a defense, or to waive an objection in another forum, is binding when based upon the valuable consideration of mutual promises, and the court is not without jurisdiction to sanction it.

**5. Judgments §§ 1, 4—**

A consent judgment is the contract of the parties, entered upon the records with the approval and sanction of a court of competent jurisdiction, and such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud, or mistake, and in order to vacate such a judgment an independent action must be instituted.

APPEAL by movant, H. Battle Griggs, from *Armstrong, J.,* at March Term, 1943, of ANSON. Affirmed.

Motion in the cause by H. Battle Griggs to strike out a paragraph from the judgment previously rendered by consent. Motion denied and movant appealed.

*J. F. Milliken for movant, appellant.*
*Fred J. Coxe for plaintiff, appellee.*

DEVIN, J. The movant, H. Battle Griggs, sought to have stricken out the seventh paragraph of a consent judgment heretofore entered in the above entitled cause. His motion for this purpose was denied by the court below, and he brings the case here for review of this ruling.

From the recital of the facts in this case when it was here at Spring Term, 1941, as reported in 219 N. C., 700, 14 S. E. (2d), 836, it appears that the action was originally instituted by R. B. Jones, administrator *cum testamento annexo, de bonis non,* of the estate of Henry Haynie, against the former administrator of the estate, E. C. Griggs, and the sureties on his bond, for an accounting. To this action the original defendants asked that H. Battle Griggs, Herbert C. Griggs, Mrs. David C. Ballinger and E. C. Griggs, individually and as executor of Mrs. Sarah Griggs, be made parties defendant. Their motion was allowed by the Superior Court at November Term, 1940, and this Court affirmed. These last named defendants are related to each other, and to the cause, in the following manner. Henry Haynie's daughter Sarah married E. C. Griggs, and H. Battle Griggs and Herbert C. Griggs are their children. Mrs. Ballinger is a daughter of Sarah Griggs by a former marriage. Sarah Griggs is dead and E. C. Griggs is the executor of her estate.

Having been made parties, H. Battle Griggs and others filed answers in the cause, alleging among other things that there had been turned over to the plaintiff as administrator of the Haynie estate property which belonged to the estate of Mrs. Sarah Griggs, and to which plaintiff was not entitled. It was further alleged in movant's answer that the plaintiff, having no right to administer property rightfully belonging to the estate of Mrs. Sarah Griggs, had "no right to charge against the same expenses, attorneys' fees and commissions."

Subsequently, at September Term, 1942, all the parties to the suit entered into an agreement to adjust, compromise and settle the entire controversy, and the agreement was drawn up in the form of a judgment and signed by all the parties or their attorneys, including the personal signature of the movant, H. Battle Griggs. This agreement, reciting in detail the terms of the various agreements entered into between the parties, was approved by the presiding judge and entered on the records of the court.

Paragraph 7 of the consent judgment, which movant now seeks to have stricken out, relates to the accounts heretofore filed by the plaintiff as administrator of the Haynie estate in the office of the clerk, and recites the agreement that they "are hereby approved by all the parties."

. . . "and no objections thereto shall be filed by any of the defendants."

The movant, H. Battle Griggs, in his motion in the cause, alleged that he did not know paragraph 7 was in the judgment when he signed it, that he did not have an opportunity to read it and was misled by the plaintiff. The court below, in denying his motion, made no findings of fact on this point, but, as there was evidence to support the ruling and as there was no request that the facts be found, it will be presumed that the court found sufficient facts to support his conclusion. *Parris v. Fischer & Co.*, 219 N. C., 292, 13 S. E. (2d), 540; *Rosser v. Matthews*, 217 N. C., 132, 6 S. E. (2d), 849; *Dunn v. Wilson*, 210 N. C., 493, 187 S. E., 802. The movant's attack on the offending paragraph on this ground is not sustained.

Movant's only other ground of attack is that the court did not have power to sanction the agreement into which he entered with the other parties to this litigation, for the purpose of settlement and compromise, because paragraph 7 relates to the matter of certain administration allowances which are in the exclusive jurisdiction of the clerk.

Undoubtedly the clerk of the Superior Court has exclusive original jurisdiction as to matters of probate, and the judge has no power to allow or disallow an item in an administrator's account unless the matter is brought before him by appeal. In that event, usually, after ruling on the questions of law, the matter should be remanded to the clerk. The distinction between the judge's jurisdiction in civil actions and special proceedings, and in matters strictly of probate, is pointed out in *In re Styers*, 202 N. C., 715, 164 S. E., 1231. See also *Cody v. Hovey*, 219 N. C., 369, 14 S. E. (2d), 30. It is true the Superior Court in term is by statute constituted a forum for the settlement of controversies over estates (C. S., 135), and the power of the Superior Court to entertain administration suits and for the settlement of estates is well recognized. *In re Hege*, 205 N. C., 625, 172 S. E., 345; *In re Estate of Wright*, 200 N. C., 620, 158 S. E., 192; *Fisher v. Trust Co.*, 138 N. C., 90, 50 S. E., 592.

But we do not understand that paragraph 7 of the consent judgment purports to usurp the probate functions of the clerk, or to allow or disallow an item or to direct the clerk to do so. The agreement was that the accounts were approved by the parties. The clerk is not necessarily bound by an agreement of the parties to approve an account and is free to exercise his own judgment on matters of probate so long as they are before him. But the agreement does bind the parties who signed the contract. The movant here has agreed that he would make no objection to the plaintiff's account. An agreement not to sue, or to withdraw a defense, or to waive an objection to a proceeding in another forum, is binding when based upon the valuable consideration of mutual promises,

and the court is not without jurisdiction to sanction such an agreement. *Bailey v. McLain,* 215 N. C., 150, 1 S. E. (2d), 372. In the absence of proof of mistake or fraud or other inequitable conduct, one who has signed an agreement with other parties may not be permitted to abrogate any part of it over their objection. An agreement lawfully entered into and based on consideration should not be set aside except for gravest reasons. In the apt phrases of the Apostle Paul, "Though it be but a man's covenant, yet if it be confirmed, no man disannulleth, or addeth thereto." Gal. 3:15.

Consent judgments and the efforts to avoid their consequences have frequently engaged the attention of our courts. The underlying principles have been repeatedly stated. In a well considered opinion in *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209, *Winborne, J.,* speaking for the Court, states the law in these words: "It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court, of competent jurisdiction, and that such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment an independent action must be instituted." Numerous decisions are cited in support.

The agreement entered into by H. Battle Griggs, the movant, as contained in the consent judgment and evidenced by his signature, cannot be treated as a nullity. His contract that no objection should be filed was binding on him, whatever its effect on the clerk, and he may not be permitted now to withdraw his consent. We conclude that the ruling of the court below denying the motion to strike the seventh paragraph from the consent judgment must be

Affirmed.