WACHOVIA BANK & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF DUNCAN CAMERON WADDELL, JR., DECEASED, v. VAUGHN A. WADDELL, WIDOW; MARY WADDELL JORDAN, WIDOW; KATE WADDELL, UNMARRIED; FRANCIS C. JORDAN; MARY JORDAN, UNMARRIED; JANET JORDAN, UNMARRIED; BETTY JORDAN JACOBS AND HER HUSBAND, R. L. JACOBS; THORNTON JORDAN, A MINOR; RALPH E. LEE, STEPHEN R. ADAMS, THE UNIVERSITY OF NORTH CAROLINA; ALL BODILY HEIRS OF FRANCIS C. JORDAN AND MARY JORDAN NOT NOW IN ESSE; LYNN BARNARD JACOBS, A MINOR; ALL UNKNOWN BODILY HEIRS OF FRANCIS C. JORDAN AND MARY JORDAN, NOW LIVING.

(Filed 21 November, 1951.)

**1. Wills § 40—**

Upon filing her dissent to her husband's will, the widow becomes *eo instante* vested with title to all property of her deceased husband allowed her by statute as surviving spouse.

**2. Executors and Administrators § 15g—**

The Superior Court has jurisdiction to approve a settlement with the widow for her year's support in amount less than the maximum calculated under the provisions of G.S. 30-31. G.S. 30-27.

**3. Executors and Administrators § 27: Dower § 8e—**

Where trusts are affected and controverted questions of law have arisen upon the dissent of the widow from her husband's will, the executor and trustee may petition the Superior Court to approve a settlement with the widow for her dower, and the court has jurisdiction to approve in its sound discretion a settlement with her in an amount less than the value of her dower right, G.S. 28-147, G.S. 30-5, upon its finding that such settlement is to the best interests of the estate and all the beneficiaries.

**4. Wills §§ 31, 39, 40: Trusts § 27—**

Upon the dissent of the widow, the will should be so construed that the dissent shall have the least effect upon the general scope or plan of distribution as expressed in the instrument, and such dissent will not be allowed to divert the remainder from its course of distribution except in so far as it may reduce the *corpus* of the estate, and the construction of the will to this end does not involve the jurisdiction of the court to modify a trust for a contingency or emergency unforeseen by testator.

**5. Wills § 32—**

Where there is a will there is a presumption against partial intestacy, and the courts will adopt that construction which will uphold the will in all its parts if consistent with established rules of law and the intention of testator.

**6. Wills § 31—**

The primary rule in the construction of wills is to ascertain the intention of testator, and all other rules of construction, as distinguished from rules of law governing construction, serve only as an aid and guide to this end.

**7. Wills §§ 34e, 40—**

Testator left the residue of his estate one-third to his widow and one-third each to two trusts set up by the instrument. The widow dissented from the will. *Held:* After settlement with the widow for her year's allowance and dower, all the residue of the estate fell into the trusts, one-half to each, and the direction of the will that one-third of the residue should be set up as a trust fund for each trust will not be allowed to defeat the intent of testator and render him intestate as to one-third of the residue devised and bequeathed to the widow. G.S. 30-2, G.S. 28-149 (3), G.S. 30-5.

**8. Wills § 32½ : Dower § 2—**

Testator was devised under another instrument a remainder in the event the first taker should die without issue. The first taker died without issue subsequent to the death of testator. *Held:* Testator had a transmittible estate, G.S. 31-40, but whether his widow is entitled to dower therein is not necessary to be decided in this case, since the widow had agreed to a settlement in lieu of dower, and therefore the property passed under the residuary clause of testator's will.

**9. Wills § 34g—**

Testator has the power to direct that all taxes, including estate and inheritance taxes, be paid before the distribution to the beneficiaries, and conversely to direct that the beneficiaries of certain specific legacies be liable for inheritance taxes.

APPEAL by plaintiff from *Nettles, J.,* at Chambers, 8 September 1951, BUNCOMBE.

Petition by plaintiff for the advice and instruction of the court in respect of certain questions which have arisen in the administration of the estate of its testator and to obtain the approval of a settlement of the dissenting widow's dower and year's allowance claims, here on former appeal, *Trust Co. v. Waddell, ante,* 34.

Plaintiff's testator, Duncan Cameron Waddell, Jr., late of Buncombe County, died testate, leaving a personal estate of the value of more than one and one-quarter million dollars and real property of the approximate value of $300,000. In his will he made certain specific bequests and devises which are not materially involved in this litigation. He then devised to his wife, defendant Vaughn A. Waddell, "(⅓) one-third of all the rest and remainder of my estate, real and personal in kind, absolutely . . ." The remaining two-thirds of the residuary estate was devised to plaintiff in two separate trusts as set out in the statement of facts on the former appeal.

The will contains this provision in respect of estate, inheritance, and other taxes, to wit:

"ITEM THREE: I direct my Executors to pay all taxes on my property owned by me at the time of my death and also all estate and inheritance

taxes levied by the United States, and, or any State so that the beneficiaries hereunder may receive their legacies free of encumbrance or cost to them; except the bequest named in Item Seven, all taxes on which are to be borne by the legatee named therein."

The exception refers to the bequests to defendants Stephen R. Adams and Ralph E. Lee.

The widow duly filed her dissent to the will and made claim for a year's allowance in the sum of $38,000. The interested parties have agreed, subject to the approval of the court, to convey certain real property of the appraised value of $60,500 to the widow in fee in settlement of her claims for dower and year's allowance. Of this amount $22,000 is in settlement of her claim for a year's allowance and $38,500 is in satisfaction of her dower interest in any and all real property owned or possessed by the testator during coverture. One object of the proceeding is to obtain authority to perfect this proposed settlement.

One Mary W. Waddell devised certain property to her daughter Kate with the remainder, in the event her daughter died without issue, to plaintiff's testator and his sister, Mary W. Jordan. The life tenant was still living at the time of the death of plaintiff's testator. A question as to the widow's dower interest in this property is raised.

The court below, after a full hearing, found the facts and entered its order in part as follows:

"A. That, by the will of Mary W. Waddell, there was devised to Duncan Cameron Waddell, Jr., deceased, and defendant Mary Waddell Jordan, each, an undivided one-half interest in the property in Greensboro, North Carolina, known as No. 1110 West Market Street, subject to the life estate of defendant, Kate Waddell, conditioned upon said defendant Kate Waddell dying without issue, and said undivided one-half interest in said property so devised to said Duncan Cameron Waddell, Jr., is property of his estate to be included in the trust estates created by Items Twelve and Thirteen of his said will, but defendant Vaughn A. Waddell has no dower right or interest in said property known as No. 1110 West Market Street, in Greensboro, North Carolina.

"B. That the will of said Duncan Cameron Waddell, Jr., deceased, confers upon plaintiff the right, power and authority to establish the two trusts created by Items Twelve and Thirteen of said will, and to include in and allocate to each of said trusts one-half of all of the real and personal property of the estate of said Duncan Cameron Waddell, Jr., deceased, remaining after (1) payment of the indebtedness of said estate, costs and expenses of administration thereof, and any taxes and other charges payable therefrom, as hereinafter adjudged and decreed, out of the personal property, (2) distribution to defendant Vaughn A. Waddell of her distributive share of the personal property and settlement of her

dower and year's allowance, as hereinafter authorized, and (3) satisfaction of the specific bequests and devises as set forth in said will, other than those to said defendant Vaughn A. Waddell.

"C. That under the provisions of the will of said Duncan Cameron Waddell, Jr., deceased, plaintiff Wachovia Bank and Trust Company, Executor and Trustee, had the right, power and authority to agree that defendant Vaughn A. Waddell should receive and have fee simple title to the two pieces of real estate in the City of Asheville, North Carolina, owned by said Duncan Cameron Waddell, Jr., at the time of his death, known as the Imperial Theatre property and the Church Street property, described as Parcels No. 4 and No. 5 of the Buncombe County property in paragraph 17 of the complaint, in settlement of the allowance for her year's support and of her dower in the real estate of her late husband; that the best interest of the estate of Duncan Cameron Waddell, Jr., and the best interest of all beneficiaries of the trusts created by Items Twelve and Thirteen of the will of said Duncan Cameron Waddell, Jr., and the best interest of the widow, defendant Vaughn A. Waddell, will be materially and substantially promoted by the carrying out of the agreement of settlement of allowance for a year's support and dower of said widow, defendant Vaughn A. Waddell, as set forth in the memorandum dated December 5, 1950, a copy of which is Exhibit "E" to the complaint; that said agreement of settlement of said widow's year's allowance and dower is approved, and, in full and complete settlement of all claims of defendant Vaughn A. Waddell of allowance for a year's support and of all her dower and right to dower in the real estate of her late husband, Duncan Cameron Waddell, Jr., there is transferred and vested in said Vaughn A. Waddell, free and discharged of all and every right, title, claim and interest of plaintiff Wachovia Bank and Trust Company, as Executor and as Trustee under the will of Duncan Cameron Waddell, Jr., deceased, and of defendants Kate Waddell, Mary W. Jordan, Francis C. Jordan, Mary Jordan, Janet Jordan, Betty Jordan Jacobs, R. L. Jacobs, Thornton Jordan, Lynn Barnard Jacobs, the University of North Carolina, and all of the bodily heirs of Francis C. Jordan and Mary Jordan, those that may be born hereafter and those unknown now living, absolute and fee simple title to the following described land and premises situate in Asheville, Buncombe County, North Carolina, to wit :" (Here follows a specific description of the real property to be conveyed to the widow)

D. (This section forecloses and divests said widow "of every and all right, title, claim and interest" in and to all the real estate of the testator not specifically conveyed to her)

E. (This section directs the execution of the deeds to effectuate the agreement)

"L. Plaintiff shall pay all Federal Estate and North Carolina Inheritance taxes, finally determined to be due and owing, out of the personal property of the estate of said Duncan Cameron Waddell, Jr., deceased, before distribution is made by plaintiff to the widow, defendant Vaughn A. Waddell, and the beneficiaries under the will of said Duncan Cameron Waddell, Jr., deceased, and plaintiff shall not be reimbursed or have any right of reimbursement for any of said taxes so paid, except in the manner and to the extent as provided hereinabove in paragraphs I, J and K of this judgment."

There is no exception to any paragraph of the judgment not quoted above and no question in respect to any one of said sections is raised on this appeal.

The plaintiff, under direction of the court below, excepted and appealed.

*Francis J. Heazel for plaintiff appellant.*

*Woodson & Woodson for defendant Vaughn A. Waddell.*

*J. Y. Jordan, Jr., for defendants Mary W. Jordan, Francis C. Jordan, Mary Jordan, Janet Jordan Jacobs and husband, R. L. Jacobs.*

*Andrew Joyner, Jr., for defendant Kate Waddell.*

*Tench C. Coxe, Jr., and Adams & Adams for defendants Ralph E. Lee and Stephen R. Adams.*

*Kingsland Van Winkle for defendants Thornton Jordan and all the bodily heirs of Francis C. Jordan and Mary Jordan not now in esse.*

*J. M. Horner, Jr., for defendants Lynn Barnard Jacobs and all unknown bodily heirs of defendants Francis C. Jordan and Mary Jordan.*

Barnhill, J.  This is not a case in which the parties seek to have a court of equity approve a family settlement of differences arising in respect of an estate in the course of its administration. Neither is it a cause in which the first takers seek to alter or modify the terms of a trust to the possible disadvantage of the ultimate takers. It is true the trusts created by the will are to some extent adversely affected for the reason the widow takes under the law one-half of the personal estate rather than the one-third she would have received as a beneficiary under the will. But this adverse effect arises out of the fact the widow elected to do what she had a legal right to do, and not out of any contingency or emergency unforeseen by the testator. Hence a number of the decisions cited in the briefs on the original appeal and now relied on by the parties are not in point.

The widow, upon filing her dissent to the will, became, *eo instante*, vested with title to all the property of her deceased husband allowed her by statute as surviving spouse. To the extent of her right to one-half of the personal property belonging to the estate and to an allowance for a

year's support, she became and is a claimant against the estate. As widow she is entitled to a life estate in one-third of the real estate of which her husband was seized during coverture, and the trustee must account to her for the income therefrom to the extent of her interest.

Therefore, this proceeding, in the first instance, is nothing more than a petition for the approval by the court of a settlement of these claims in a manner alleged to be to the best interest of all the parties.

On its appeal here from the order of the court below approving the proposed settlement and instructing the plaintiff in respect to certain matters affecting the administration of the estate, the plaintiff poses these questions for consideration and decision:

1. Did the court below have authority to approve and direct the consummation of the agreement settling the year's allowance and dower claims of the widow and, if so, should its order in that respect be affirmed?

2. Does the plaintiff trustee take the residue of the estate, after satisfaction of the widow's claim to her distributive share of the personal property, her year's allowance, and her dower, for the benefit of the trusts created by the will, or only two-thirds thereof, and if only two-thirds, does the remaining one-third pass as undevised property?

3. Is the widow entitled to dower in the contingent remainder interest of the testator in the property devised in the will of Mary W. Waddell, and, if so, does such property interest pass to the trust estates upon the consummation of the contract with the widow?

4. Did the court below correctly instruct and advise plaintiff with respect to the payment of Federal Estate and North Carolina Inheritance taxes?

1. *The settlement.* It is asserted that the widow's maximum allowance for a year's support, calculated as provided by law, G.S. 30-31, would approximate $38,000. She has agreed to accept $22,000. The court below found this sum to be reasonable and proper. Its jurisdiction to make the allowance is statutory. G.S. 30-27; *Drewry v. Bank,* 173 N.C. 664, 92 S.E. 593.

The commuted value of the widow's dower interest in the real property of plaintiff's testator is more than $50,000. The settlement contemplates the payment of $38,500 in full satisfaction thereof. The widow has consented to accept the agreed amount, plus payment of her year's allowance, on condition she is paid by the conveyance of the income-producing real property designated and described in the contract and in the judgment of the court below. The presiding judge, after a full hearing and careful consideration of all the facts, has found and concluded that this proposed settlement is to the best interests of the estate of the testator and of all the beneficiaries of the trusts created in the will.

Many reasons might be advanced in support of this conclusion. These we need not now discuss. Suffice it to say that the matter of the approval of the settlement rested in the sound discretion of the court below and no reason is made to appear why its judgment in this respect should not be affirmed. G.S. 28-147; *S. v. Griggs,* 223 N.C. 279, 25 S.E. 2d 862; *Edney v. Matthews,* 218 N.C. 171, 10 S.E. 2d 619; *In re Estate of Poindexter,* 221 N.C. 246, 20 S.E. 2d 49.

". . . the Superior Court in term is by statute constituted a forum for the settlement of controversies over estates (C.S., 135), and the power of the Superior Court to entertain administration suits and for the settlement of estates is well recognized." *S. v. Griggs, supra,* and cases cited.

And in cases of this type, where trusts are affected, the authority of the executor and trustee is involved, and controverted questions of law have arisen, a petition by the executor and trustee for judicial direction is an approved method of procedure for presenting the questions at issue to the judge for consideration and decision. *In re Estate of Poindexter, supra,* and cases cited.

2. Disposition of the residue of the estate. The will contains a plan or scheme for the disposition of the testator's property entirely consistent and harmonious in all its parts. There would be no difficulty in its construction or execution but for the derangement of the plan caused by the dissent of the widow. But it is a settled principle that the will shall be so construed that the dissent of the widow shall affect the devisees and legatees to the least possible degree, and that the general scope or plan of distribution be carried out and effectuated so far as possible. "The dissent may defeat some of the arrangements made by the will, and accelerate the time of enjoyment of some of the legacies and devises, but it does not affect the construction of the will." Pritchard on Wills and Administration, sec. 766; *University v. Borden,* 132 N.C. 476; *Re Povey,* 261 N.W. 98, 99 A.L.R. 1183; 2 Page on Wills, 2d Ed., sec. 1224; 57 A.J. 1054, sec. 1549.

It is therefore generally held that a widow's election to take against the husband's will does not, except as it may reduce the *corpus* of the estate, divert the remainder from its course of distribution. *Spaulding v. Lackey,* 173 N.E. 110, 71 A.L.R. 660; *Bank v. Bank,* 190 A. 215, 111 A.L.R. 711.

Where there is a will there is a presumption against partial intestacy, *Seawell v. Seawell,* 233 N.C. 735; *Van Winkle v. Berger,* 228 N.C. 473, 46 S.E. 2d 305; *Holmes v. York,* 203 N.C. 709, 166 S.E. 889, and the courts in construing a will do not search for a meaning which will nullify it in whole or in part, *Johnson v. Salsbury,* 232 N.C. 432, 61 S.E. 2d 327, but adopt that construction which will uphold the will in all its parts if such course is consistent with established rules of law and the intention

of the testator. *Johnson v. Salsbury, supra; Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231.

"The objective of construction is to effectuate the intent of the testator as expressed in his will, for his intent as so expressed is his will." *Woodard v. Clark, ante,* 215. This is the dominant and controlling rule of testamentary construction. *Richardson v. Cheek,* 212 N.C. 510, 193 S.E. 705. All other accepted canons of construction serve not to restrict or restrain the judicial mind but to aid and guide it in the discovery of the intention of the testator. 57 A.J. 732, sec. 1135.

But let us here interpolate for the sake of exactness that in applying this rule, the distinction between rules of construction and rules of law controlling construction must be kept in mind. While all other rules of construction must yield to the primary "intent" rule, the intent must yield to conflicting rules of law controlling construction such as the rule in *Shelley's case* and the rule against perpetuities. 57 A.J. 729, sec. 1134; *Featherstone v. Pass,* 232 N.C. 349, 60 S.E. 2d 236; *Richardson v. Cheek, supra; Smith v. Moore,* 178 N.C. 370, 100 S.E. 702; *Crisp v. Biggs,* 176 N.C. 1, 96 S.E. 662.

Here the intent of the testator could not be the subject of serious controversy. It is clear that he considered the persons who were to be the objects of his bounty under three classes, to wit: those upon whom he intended to bestow specific bequests, then the widow, and finally the class which was to receive the residuum; and he parceled his estate with this in mind, and its appears that he did not intend that any part of his estate should pass as intestate property. *In re Reynolds' Will,* 138 N.W. 1019.

The bulk of his valuable estate is disposed of in Items 11, 12, and 13 of the will, and it is apparent that his wife and his two sisters were the primary objects of his bounty. The executors are directed first to set apart to his widow one-third of all his net estate (remaining after the delivery of certain relatively unimportant bequests) in kind, absolutely and without limitation. The rest and residue remaining after the deduction of the widow's share is then set apart in trust for the use and benefit of his two sisters.

While it is true he devised to plaintiff in trust "one-third of the rest, residue and remainder" of his property for the use and benefit of those named in Item Twelve of the will and "the remaining one-third" to it in trust for those named in Item Thirteen, the words "one-third of the rest, residue and remainder" and "the remaining one-third" are not controlling, for in ascertaining the intent of a testator greater regard must be given to the dominant purpose of a testator than to the use of any particular words. *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

The provision in the will in favor of the widow in legal effect was no more than an offer on the part of the testator to purchase her statutory interest in his estate for the benefit of his estate. As she refused to accept the offer made her in the will and elected to take under the statute, G.S. 30-2, she has her interest under the statute, G.S. 28-149 (3), G.S. 30-5, as if there was no will. That portion of the estate devised to her which she renounced becomes a part of the residuum out of which she is first to have her share as provided by law, and the remainder is to be set apart in trust as provided in the will. *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769; *Featherstone v. Pass, supra; Dunshee v. Dunshee,* 96 N.E. 298; *Moore v. Hospital Ass'n.,* 6 F. 2d 986; Anno. 155 A.L.R. 1426; *Spaulding v. Lackey, supra; Bank v. Bank, supra.*

Thus the widow and plaintiff, as trustee, take all the estate remaining after the satisfaction of specific legacies, whether the widow receives her share under the will as devisee or under the law as surviving spouse. So the testator intended.

3. The Mary W. Waddell property. The interest in the Greensboro real estate devised to testator is a transmittible estate, G.S. 31-40, *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625, and constitutes a part of the residuum to be set apart in trust.

On this record, whether the widow is entitled to dower therein we need not now decide. If it is not a part of testator's estate to be taken into consideration in ascertaining the value of the widow's dower, it passes to the trustee free of any claim on her part. If it is to be so considered, the widow, under the settlement agreement, relinquishes all claim thereto. In either event, the trustee acquires title thereto unencumbered by any claim of interest therein by the widow.

4. Federal Estate and State inheritance taxes. The testator specifically directed the plaintiff to pay all taxes on his property, including all estate and inheritance taxes levied by the United States or by any State. This he had a right to do. The dissenting widow, who might have some right to protest, has assented. So what boots it whether such taxes, or any part thereof, are, under the law, payable as a debt of the estate or are assessable against the several legacies and devises? The direction as to the payment thereof by the plaintiff contained in the judgment was impelled by the terms of the will.

In providing for the payment of such taxes out of the funds of the estate to the exoneration of the legacies, the bequest to Stephen R. Adams and Ralph E. Lee contained in Item Seven of the will was excepted. These legatees have agreed to reimburse the plaintiff for all taxes paid on account of their bequest, and the court has so directed. This is in accord with the terms of the will.

Thus it appears that the exceptive assignments of error brought forward and debated on this appeal are without substantial merit. Hence, on the record as it comes before us, the judgment entered must be
Affirmed.