67 S.E.2d 651 (1951)
234 N.C. 454
WACHOVIA BANK & TRUST CO.
v.
WADDELL et al.
No. 112.
Supreme Court of North Carolina.
November 21, 1951.
*654 Francis J. Heazel, Asheville, for plaintiff appellant.
Woodson & Woodson, Salisbury, for defendant Vaughn A. Waddell.
J. Y. Jordan, Jr., Asheville, for defendants Mary W. Jordan, Francis C. Jordan, Mary Jordan, Janet Jordan Jacobs and husband, R. L. Jacobs.
Andrew Joyner, Jr., Greensboro, for defendant Kate Waddell.
Tench C. Coxe, Jr., and Adams & Adams, all of Asheville, for defendants Ralph E. Lee and Stephen R. Adams.
Kingsland Van Winkle, Asheville for defendants Thorton Jordan and all the bodily heirs of Francis C. Jordan and Mary Jordan not now in esse.
J. M. Horner, Jr., Asheville, for defendants Lynn Barnard Jacobs and all unknown bodily heirs of defendants Francis C. Jordan and Mary Jordan.
BARNHILL, Justice.
This is not a case in which the parties seek to have a court of equity approve a family settlement of differences arising in respect of an estate in the course of its administration. Neither is it a cause in which the first takers seek to alter or modify the terms of a trust to the possible disadvantage of the ultimate takers. It is true the trusts created by the will are to some extent adversely affected for the reason the widow takes under the law onehalf of the personal estate rather than the one-third she would have received as a beneficiary under the will. But this adverse effect arises out of the fact the widow elected to do what she had a legal right to do, and not out of any contingency or emergency unforeseen by the testator. Hence a number of the decisions cited in the *655 briefs on the original appeal and now relied on by the parties are not in point.
The widow, upon filing her dissent to the will, became, eo instante, vested with title to all the property of her deceased husband allowed her by statute as surviving spouse. To the extent of her right to one-half of the personal property belonging to the estate and to an allowance for a year's support, she became and is a claimant against the estate. As widow she is entitled to a life estate in one-third of the real estate of which her husband was seized during coverture, and the trustee must account to her for the income therefrom to the extent of her interest.
Therefore, this proceeding, in the first instance, is nothing more than a petition for the approval by the court of a settlement of these claims in a manner alleged to be to the best interest of all the parties.
On its appeal here from the order of the court below approving the proposed settlement and instructing the plaintiff in respect to certain matters affecting the administration of the estate, the plaintiff poses these questions for consideration and decision:
1. Did the court below have authority to approve and direct the consummation of the agreement settling the year's allowance and dower claims of the widow and, if so, should its order in that respect be affirmed?
2. Does the plaintiff trustee take the residue of the estate, after satisfaction of the widow's claim to her distributive share of the personal property, her year's allowance, and her dower, for the benefit of the trusts created by the will, or only twothirds thereof, and if only two-thirds, does the remaining one-third pass as undevised property?
3. Is the widow entitled to dower in the contingent remainder interest of the testator in the property devised in the will of Mary W. Waddell, and, if so, does such property interest pass to the trust estates upon the consummation of the contract with the widow?
4. Did the court below correctly instruct and advise plaintiff with respect to the payment of Federal Estate and North Carolina Inheritance taxes?
1. The settlement. It is asserted that the widow's maximum allowance for a year's support, calculated as provided by law, G.S. § 30-31, would approximate $38,000. She has agreed to accept $22,000. The court below found this sum to be reasonable and proper. Its jurisdiction to make the allowance is statutory. G.S. § 30-27; Drewry v. Raleigh Savings Bank & Trust Co., 173 N.C. 664, 92 S.E. 593.
The commuted value of the widow's dower interest in the real property of plaintiff's testator is more than $50,000. The settlement contemplates the payment of $38,500 in full satisfaction thereof. The widow has consented to accept the agreed amount, plus payment of her year's allowance, on condition she is paid by the conveyance of the income-producing real property designated and described in the contract and in the judgment of the court below. The presiding judge, after a full hearing and careful consideration of all the facts, has found and concluded that this proposed settlement is to the best interests of the estate of the testator and of all the beneficiaries of the trusts created in the will.
Many reasons might be advanced in support of this conclusion. These we need not now discuss. Suffice it to say that the matter of the approval of the settlement rested in the sound discretion of the court below and no reason is made to appear why its judgment in this respect should not be affirmed. G.S. § 28-147; Jones v. Griggs, 223 N.C. 279, 25 S.E.2d 862; Edney v. Matthews, 218 N.C. 171, 10 S.E.2d 619; In re Estate of Poindexter, 221 N.C. 246, 20 S.E.2d 49, 149 A.L.R. 1138.
"* * * the Superior Court in term is by statute constituted a forum for the settlement of controversies over estates, C.S. § 135, and the power of the Superior Court to entertain administration suits and for the settlement of estates is well recognized." Jones v. Griggs, supra [223 N.C. 279, 25 S.E.2d 864.] and cases cited.
And in cases of this type, where trusts are affected, the authority of the executor *656 and trustee is involved, and controverted questions of law have arisen, a petition by the executor and trustee for judicial direction is an approved method of procedure for presenting the questions at issue to the judge for consideration and decision. In re Estate of Poindexter, supra, and cases cited.
2. Disposition of the residue of the estate. The will contains a plan or scheme for the disposition of the testator's property entirely consistent and harmonious in all its parts. There would be no difficulty in its construction or execution but for the derangement of the plan caused by the dissent of the widow. But it is a settled principle that the will shall be so construed that the dissent of the widow shall affect the devisees and legatees to the least possible degree, and that the general scope or plan of distribution to be carried out and effectuated so far as possible. "The dissent may defeat some of the arrangements made by the will, and accelerate the time of enjoyment of some of the legacies and devises, but it does not affect the construction of the will." Pritchard On Wills and Administration, sec. 766; Baptist Female University of North Carolina v. Borden, 132 N.C. 476, 44 S.E. 47, 1007; In re Povey's Estate, 271 Mich. 627, 261 N.W. 98, 99 A.L.R. 1183; 2 Page On Wills, 2d Ed., sec. 1224; 57 A.J. 1054, § 1549.
It is therefore generally held that a widow's election to take against the husband's will does not, except as it may reduce the corpus of the estate, divert the remainder from its course of distribution. Spaulding v. Lackey, 340 Ill. 572, 173 N.E. 110, 71 A.L.R. 660; Second Nat. Bank v. Second Nat. Bank, 171 Md. 547, 190 A. 215, 111 A.L.R. 711.
Where there is a will there is a presumption against partial intestacy, Seawell v. Seawell, 233 N.C. 735, 65 S.E. 2d 369; Van Winkle v. Berger, 228 N.C. 473, 46 S.E.2d 305; Holmes v. York, 203 N.C. 709, 166 S.E. 889, and the courts in construing a will do not search for a meaning which will nullify it in whole or in part, Johnson v. Salsbury, 232 N.C. 432, 61 S.E.2d 327, but adopt that construction which will uphold the will in all its parts if such course is consistent with established rules of law and the intention of the testator. Johnson v. Salsbury, supra; Ferguson v. Ferguson, 225 N.C. 375, 35 S.E.2d 231.
"The objective of construction is to effectuate the intent of the testator as expressed in his will, for his intent as so expressed is his will." Woodard v. Clark, 234 N.C. 215, 66 S.E.2d 888, 890. This is the dominant and controlling rule of testamentary construction. Richardson v. Cheek, 212 N.C. 510, 193 S.E. 705. All other accepted canons of construction serve not to restrict or restrain the judicial mind but to aid and guide it in the discovery of the intention of the testator. 57 A.J. 732, sec. 1135.
But let us here interpolate for the sake of exactness that in applying this rule, the distinction between rules of construction and rules of law controlling construction must be kept in mind. While all other rules of construction must yield to the primary "intent" rule, the intent must yield to conflicting rules of law controlling construction, such as the rule in Shelley's Case and the rule against perpetuities. 57 A.J. 729, § 1134; Featherstone v. Pass, 232 N.C. 349, 60 S.E.2d 236; Richardson v. Cheek, supra; Smith v. Moore, 178 N.C. 370, 100 S.E. 702; Crisp v. Biggs, 176 N.C. 1, 96 S.E. 662.
Here the intent of the testator could not be the subject of serious controversy It is clear that he considered the persons who were to be the objects of his bounty under three classes, to wit: those upon whom he intended to bestow specific bequests, then the widow, and finally the class which was to receive the residuum; and he parceled his estate with this in mind, and it appears that he did not intend that any part of his estate should pass as intestate property. In re Reynolds' Will, 151 Wis. 375, 138 N.W. 1019.
The bulk of his valuable estate is disposed of in Items 11, 12, and 13 of the will, and it is apparent that his wife and his two sisters were the primary objects of his *657 bounty. The executors are directed first to set apart to his widow one-third of all his net estate (remaining after the delivery of certain relatively unimportant bequests) in kind, absolutely and without limitation. The rest and residue remaining after the deduction of the widow's share is then set apart in trust for the use and benefit of his two sisters.
While it is true he devised to plaintiff in trust "one-third of the rest, residue and remainder" of his property for the use and benefit of those named in Item Twelve of the will and "the remaining one-third" to it in trust for those named in Item Thirteen, the words "one-third of the rest, residue and remainder" and "the remaining one-third" are not controlling, for in ascertaining the intent of a testator greater regard must be given to the dominant purpose of a testator than to the use of any particular words. Heyer v. Bulluck, 210 N.C. 321, 186 S.E. 356.
The provision in the will in favor of the widow in legal effect was no more than an offer on the part of the testator to purchase her statutory interest in his estate for the benefit of his estate. As she refused to accept the offer made her in the will and elected to take under the statute, G.S. § 30-2, she has her interest under the statute, G.S. § 28-149(3), G.S. § 30-5, as if there was no will. That portion of the estate devised to her which she renounced becomes a part of the residuum out of which she is first to have her share as provided by law, and the remainder is to be set apart in trust as provided in the will. Reid v. Neal, 182 N.C. 192, 108 S.E. 769; Featherstone v. Pass, supra; Dunshee v. Dunshee, 251 Ill. 405, 96 N.E. 298; Moore v. Lincoln Hospital Ass'n, 8 Cir., 6 F.2d 986; Anno. 155 A.L.R. 1426; Spaulding v. Lackey, supra; Second Nat. Bank v. Second Nat. Bank, supra.
Thus the widow and plaintiff, as trustee, take all the estate remaining after the satisfaction of specific legacies, whether the widow receives her share under the will as devisee or under the law as surviving spouse. So the testator intended.
3. The Mary W. Waddell property. The interest in the Greensboro real estate devised to testator is a transmittible estate, G.S. § 31-40, Buffaloe v. Blalock, 232 N.C. 105, 59 S.E.2d 625, and constitutes a part of the residuum to be set apart in trust.
On this record, whether the widow is entitled to dower therein we need not now decide. If it is not a part of testator's estate to be taken into consideration in ascertaining the value of the widow's dower, it passes to the trustee free of any claim on her part. If it is to be so considered, the widow, under the settlement agreement, relinquishes all claim thereto. In either event, the trustee acquires title thereto unencumbered by any claim of interest therein by the widow.
4. Federal Estate and State inheritance taxes. The testator specifically directed the plaintiff to pay all taxes on his property, including all estate and inheritance taxes levied by the United States or by any State. This he had a right to do. The dissenting widow, who might have some right to protest, has assented. So what boots it whether such taxes, or any part thereof, are, under the law, payable as a debt of the estate or are assessable against the several legacies and devises? The direction as to the payment thereof by the plaintiff contained in the judgment was impelled by the terms of the will.
In providing for the payment of such taxes out of the funds of the estate to the exoneration of the legacies, the bequest to Stephen R. Adams and Ralph E. Lee contained in Item Seven of the will was excepted. These legatees have agreed to reimburse the plaintiff for all taxes paid on account of their bequest, and the court has so directed. This is in accord with the terms of the will.
Thus it appears that the exceptive assignments of error brought forward and debated on this appeal are without substantial merit. Hence, on the record as it comes before us, the judgment entered must be affirmed.